JUDGE McMAHON

07 CIV 7498

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

TANG KHEOK HWA ROSEMARY d/b/a
R M MARTIN SUPPLIES AND SERVICES,

                  Plaintiff,

   - against -

JALDHI OVERSEAS PTE LTD.,

                  Defendant.

-------------------------------------------------------------X



07 CIV

ECF CASE

RECEIVED
AUG 24 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, TANG KHEOK HWA ROSEMARY d/b/a R M MARTIN SUPPLIES AND SERVICES ("RM Martin" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, JALDHI OVERSEAS PTE LTD., ("Jaldhi" or "Defendant") alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

    3.    Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law and an owner and/or operator of sea-going vessels.

    4.    In or around 2004, the parties entered into an agreement by which Plaintiff agreed to assist the Defendant in fixing, *i.e.* chartering-in, vessels.

    5.    In addition, Plaintiff agreed to manage and/or operate those vessels fixed for the Defendant, including but not limited coordinating the movements of those vessels.

6.     As well as providing that Plaintiff would fix vessels with Defendant, the agreement contemplated that Plaintiff would supervise and perform operational duties on those vessels, such as coordinating the loading and discharge of ships and the inspection of cargoes for import and export.

7.     In return, Defendant agreed to pay Plaintiff 2.5% of the hire payable for each vessel that was fixed for the Defendant.

8.     During the course of the agreement, disputes arose between the parties regarding Defendant's failure to pay Plaintiff the amounts due and owing under the agreement in relation to several vessels. *Please see list of vessels and corresponding amounts due to Plaintiff annexed hereto as Exhibit "1."*

9.     On or about June 26, 2007, Defendant terminated the agreement.

10.    As a result of Defendant's failure to pay the sums due and owing to the Plaintiff under the agreement, Plaintiff sustained damages in the principal amount of $672,653.30, exclusive of interest, litigation costs and attorneys fees.

11.    To date, Defendant has paid only $48,318.57 towards Plaintiff's claim.

12.    Despite due demand, Defendant has failed and/or refused to pay the balance due and owing to Plaintiff under the agreement.

13.    Plaintiff is currently preparing to initiate suit against the Defendant on its claims in Singapore.

14.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to Singaporean Law. As best as can now be estimated, Plaintiff expects to recover the following amounts pursuant to the Judgment(s) and/or Award of Costs:

A.     Principal claim:

$624,334.73

B.     Interest on claims:
       3 years at 5.33%

$99,831.12

C.    Estimated attorneys' fees and expenses:          $125,000.00

D.    Estimated litigation costs:                      $35,000.00

Total                                                  $884,165.85

15.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

16.    The Plaintiff seeks an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.    That pursuant to 9 U.S.C. §§ 201 et. seq. this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

C.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies,

3

tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, including but not limited to funds moving to or from Defendant's accounts, # FCCA (USD)- 0003-001191-01-8-022 at DBS Bank– Singapore and/or 551-001554-301 at OCBC Bank, Singapore, in the amount of $884,165.85 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.    That this Court award Plaintiff its attorneys' fees and costs of this action; and

F.    That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: August 24, 2007
      New York, NY

                    The Plaintiff,
                    TANG KHEOK HWA ROSEMARY d/b/a R M MARTIN
                    SUPPLIES AND SERVICES

                    By: _Nancy_
                    Patrick F. Lennon (PL 2162)
                    Nancy R. Peterson (NP 2871)
                    LENNON, MURPHY & LENNON, LLC
                    420 Lexington Ave., Suite 300
                    New York, NY 10170
                    (212) 490-6050 – phone
                    (212) 490-6070 – fax
                    pfl@lenmur.com
                    nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:    City of New York
County of New York  )

1.   My name is Nancy R. Peterson.

2.   I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.   I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4.   I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.   The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.   The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.   I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      August 24, 2007
            New York, NY


                                    _____
                                    Nancy R. Peterson

5

**EXHIBIT 1**

## ANNEX A

| Invoice Date | Invoice No. | Vessel | Due Date | Amount (USD) |
|---|---|---|---|---|
| 01/03/2007 | TC035-07 | MV JIN LI | 15/03/2007 | 18,437.50 |
| 01/03/2007 | TC036-07 | MV ETERNAL POWER | 15/03/2007 | 16,800.00 |
| 02/03/2007 | TC037-07 | MV AMIRA | 15/03/2007 | 25,625.00 |
| 02/03/2007 | TC038-07 | MV RELIANCE OCEAN | 15/03/2007 | 15,781.25 |
| 06/03/2007 | TC039-07 | MV IKAN KERAPU | 15/03/2007 | 26,562.50 |
| 07/03/2007 | TC040-07 | MV GOLDEN WISH | 15/03/2007 | 19,375.00 |
| 13/03/2007 | TC042-07 | MV GOLDEN HOPE | 15/03/2007 | 12,500.00 |
| 13/03/2007 | TC043-07 | MV BAYTUR | 15/03/2007 | 22,500.00 |
| 14/03/2007 | TC044-07 | MV ATHOS | 15/03/2007 | 17,687.50 |
| 14/03/2007 | TC045-07 | MV FAIR SKY | 15/03/2007 | 21,093.75 |
| 14/03/2007 | TC046-07 | MV IRIS HALO | 15/03/2007 | 24,218.75 |
| 30/04/2007 | TC071-07 | MV MARITIME LIJIANG | 15/05/2007 | 25,000.00 |
| 03/05/2007 | TC072-07 | MV SOPHIA | 15/05/2007 | 17,281.25 |
| 08/05/2007 | TC073-07 | MV ETERNAL POWER | 15/05/2007 | 7,470.00 |
| 08/05/2007 | TC074-07 | MV ETERNAL POWER | 15/05/2007 | 16,200.00 |
| 14/05/2007 | TC077-07 | MV HARMONIC PROGRESS | 15/05/2007 | 20,500.00 |
| 14/05/2007 | TC078-07 | MV OCEAN SYMPHONY | 15/05/2007 | 17,590.42 |
| 17/05/2007 | TC079-07 | MV KATERINA | 30/05/2007 | 18,750.00 |
| 21/05/2007 | TC081-07 | MV FURNESS LONDON | 30/05/2007 | 20,868.03 |

| 21/05/2007 | TC082-07 | MV CK GLORY | 30/05/2007 | 18,906.25 |
|---|---|---|---|---|
| 24/05/2007 | TC085-07 | MV HARDWAR | 30/05/2007 | 18,064.37 |
| 28/05/2007 | TC087-07 | MV IKAN SUJI | 30/05/2007 | 24,375.00 |
| 30/05/2007 | TC089-07 | MV ETERNAL POWER | 15/06/2007 | 14,703.75 |
| 05/06/2007 | TC091-07 | MV OCEAN PRELUDE | 16/06/2007 | 29,678.99 |
| 05/06/2007 | TC092-07 (Rev 1) | MV HERON | 16/06/2007 | 22,410.16 |
| 06/06/2007 | TC093-07 | MV YASA AYSEN | 16/06/2007 | 27,816.95 |
| 21/06/2007 | TC100-07 | MV IKAN SEMBAK | 30/06/2007 | 30,625.00 |
| 21/06/2007 | TC101-07 | MV MICHELE BOTTIGLIERI | 30/06/2007 | 33,206.88 |
| 28/06/2007 | TC103-07 | MV ALAM MANIS | 30/06/2007 | 32,500.00 |
| 28/06/2007 | TC104-07 | MV SUNNY GLORY | 30/06/2007 | 25,312.50 |
| 29/06/2007 | TC105-07 | MV FIRST TRADER | 30/06/2007 | 32,812.50 |
| Sub-Total | | | | 672,653.30 |
| Less amount received on 4 July 2007 | | | | (48,318.57) |
| Total | | | | 624,334.73 |