CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
JALDHI OVERSEAS PTE. LTD.
366 Main Street
Port Washington, New York 110050
Telephone:   516-767-3600
Telefax:       516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TANG KHEOK HWA ROSEMARY d/b/a         :
R M MARTIN SUPPLIES AND SERVICES,     :
                                      :
                 Plaintiff,           :         07 CV 7498 (CM)
                                      :
      - against -                     :
                                      :
                                      :         **ANSWER WITH**
                                      :         **AFFIRMATIVE**
JALDHI OVERSEAS PTE. LTD.,            :         **DEFENSES AND**
                                      :         **<u>COUNTERCLAIM</u>**
                 Defendants.          :
                                      :
-----------------------------------------------------------x

Defendant, JALDHI OVERSEAS PTE. LTD., (hereinafter "JALDHI"), by and through its attorneys, CHALOS, O'CONNOR & DUFFY, LLP, and having entered a restrictive appearance pursuant to Rule E (8) of the Supplemental Rules for Certain Admiralty and Maritime Claims, hereby Answers the Verified Complaint of Plaintiff upon information and belief as follows:

1. Admits the allegations contained in Paragraph "1" of Plaintiff's Verified Complaint.

2. Admits that Plaintiff TANG KHEOK HWA ROSEMARY d/b/a R M MARTIN SUPPLIES AND SERVICES (hereinafter "RM MARTIN") is

located with a business address and presence in Singapore. Except as so specifically admitted, Defendant JALDHI denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "2" of Plaintiff's Verified Complaint.

3. Admits the allegations contained in Paragraph "3" of Plaintiff's Verified Complaint.

4. Admits that in or around 2004, the parities entered into an agreement. Except as so specifically admitted, the remaining allegations set forth in Paragraph "4" of the Plaintiff's Verified Complaint are denied.

5. Defendant Jaldhi admits that the Plaintiff was engaged to manage vessels which Jaldhi had chartered consistent with Jalhi's consent and advice. Except as so specifically admitted, the remaining allegations contained in Paragraph "5" of Plaintiff's Verified Complaint are denied.

6. Denies the allegations contained in Paragraph "6" of Plaintiff's Verified Complaint.

7. Denies the allegations contained in Paragraph "7" of Plaintiff's Verified Complaint.

8. Admits that disputes arose between the parties as set forth in Paragraph "8" of the Plaintiff's Complaint. Except as so specifically admitted, the Defendant JALDHI denies the remaining allegations set forth in Paragraph "8" of the Verified Complaint.

9. Admits the allegations contained in Paragraph "9" of Plaintiff's Verified Complaint, but only because the Plaintiff had earlier, in an email dated June

12, 2007, refused to perform any further services in accordance with the agreement between RM Martin and Jaldhi and also because of the breaches of the Agreement that had already been committed by the Plaintiff, RM Martin.

10. Denies the allegations contained in Paragraph "10" of Plaintiff's Verified Complaint.

11. Denies the allegations contained in Paragraph "11" of Plaintiff's Verified Complaint.

12. Denies the allegations contained in Paragraph "12" of Plaintiff's Verified Complaint.

13. Admits that the Plaintiff, RM Martin, has already instituted suit in the High Court for the Republic of Singapore.

14. Denies the allegations contained in Paragraph "14" of Plaintiff's Verified Complaint.

15. Admits that Defendant JALDHI cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Except as so specifically admitted, the Defendant JALDHI denies the remaining allegations set forth in Paragraph "15" of the Verified Complaint are denied.

16. The allegations contained in Paragraph "16" of Plaintiff's Verified Complaint require no response.

### AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS SET FORTH IN THE VERIFIED COMPLAINT, DEFENDANT JALDHI OVERSEAS ALLEGES UPON INFORMATION AND BELIEF

### *First Separate and Complete Affirmative Defense*

17. The Verified Complaint fails to state a claim against the Defendant JALDHI upon which relief may be granted.

### *Second Separate and Complete Affirmative Defense*

18. This Honorable Court lacks personal jurisdiction over Defendant JALDHI.

### *Third Separate and Complete Affirmative Defense*

19. The Plaintiff, RM MARTIN, has not secured the attachment of any property belonging to the Defendant JALDHI within this district and, therefore, the Honorable Court lacks *quasi in rem* jurisdiction over the property of the Defendant JALDHI.

### *Fourth Separate and Complete Affirmative Defense*

20. In the alternative, the Plaintiff, RM MARTIN, has improperly secured the attachment of property belonging to the Defendant, JALDHI, within this district and, therefore, the Honorable Court lacks *quasi in rem* jurisdiction over the property of the Defendant JALDHI.

### *Fifth Separate and Complete Affirmative Defense*

21. The forum is inconvenient and Plaintiff's Verified Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

### *Sixth Separate and Complete Affirmative Defense*

22. Both the Plaintiff and the Defendant are foreign parties who are based in Singapore, neither the Plaintiff nor the Defendant have any tangible connection with the United States in general or, more specifically, the Southern District of New York, the underlying dispute does not have any tangible connection with the United States, the underlying dispute is being litigated in Singapore and, therefore, this Honorable Court should exercise its discretion and decline jurisdiction over a maritime case involving two foreign parties.

### *Seventh Separate and Complete Affirmative Defense*

23. The Defendant, JALDHI, is not liable to Plaintiff, RM MARTIN, on the causes of action alleged in the Plaintiff's Verified Complaint and, therefore, the Plaintiff has failed to set forth a valid *prima facie* admiralty claim.

### *Eighth Separate and Complete Affirmative Defense*

24. The contract upon which the Plaintiff's claim is based is not a maritime contract and, therefore, the Plaintiff has failed to set forth a valid *prima facie*

admiralty claim sufficient to invoke the procedural remedy of Rule B Maritime Attachment.

### Ninth Separate and Complete Affirmative Defense

25. Any damages claimed by Plaintiff, which Defendant JALDHI denies, were caused in part or in whole by the faults, actions or omissions of the Plaintiff, or the Plaintiff's own breaches of any contract or agreement, or by reason of causes from which the Defendant JALDHI is not responsible under the terms and conditions of any contract or agreement between the parties and, therefore, Defendant JALDHI is not responsible to the Plaintiff for any of the damages claimed in the Verified Complaint.

### Tenth Separate and Complete Affirmative Defense

26. Any damages sustained by the Plaintiff, as alleged in the Plaintiff's Verified Complaint were proximately, directly, and solely caused by the acts of third persons over whom Defendant JALDHI did not have direction or control or was, otherwise, not responsible for pursuant to the terms and conditions of any contract or agreement between the parties.

### Eleventh Separate and Complete Affirmative Defense

27. Plaintiff herein has failed to mitigate its damages.

## *Twelfth Separate and Complete Affirmative Defense*

28. This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

### AS AND FOR A COUNTERCLAIM AGAINST PLAINTIFF RM MARTIN, DEFENDANT ALLEGES UPON INFORMATION AND BELIEF

29. Defendant JALDHI hereby repeats and realleges each and every response made in this Verified Answer to the allegations of the Verified Complaint with the same force and effect as if fully set forth herein.

30. The Defendant JALDHI is engaged in the Chartering business whereby the Defendant JALDHI charters in ocean-going vessels, operates the vessels as disponent Owners, and charters space on such vessels under voyage charter arrangements or pursuant to bills of lading to carry cargo from ports worldwide on behalf of its clients, who are the shippers of bulk cargoes, in exchange for payments of freight and/or hire.

31. As admitted herein, the Plaintiff and the Defendant entered into an oral contract in or about late 2004 / early 2005 whereby the Plaintiff and Defendant agreed that the Plaintiff would provide ship management services to Jaldhi with respect to vessels chartered in the name of Jaldhi.

32. Pursuant to the material terms of the contract between RM Martin and Jaldhi, the Plaintiff RM Martin, it was understood and agreed that the Plaintiff would: act as the Defendant's agent for the purpose of managing vessels that were chartered in Jaldhi's name by the Defendant Jaldhi through Plaintiff's employees and office in Singapore; account for all sub-hire or freight earned by the Jaldhi vessels; and, the Plaintiff would earn a management fee limited to 2.5% of the daily charter hire of the vessels in situations where the Defendants would be earning a 3.75% address commission and limited to a maximum of 25 days hire for vessels under short term time charter parties.

33. Pursuant to the material terms of the contract between RM Martin and Jaldhi, the Plaintiff RM Martin was required to: obtain the consent of Defendant Jaldhi before entering into any charter parties or fixtures in the name of Jaldhi; was not authorized to issue any Letters of Indemnity; and, obtain the express authorization of the Defendant Jaldhi before disclosing any information and/or documents related to the agreement between the parties to third parties.

34. Pursuant to the material terms of the contract between RM Martin and Jaldhi, all freight earnings, other payments and all other charges were to be accounted for and routed through the Defendant Jaldhi's account exclusively. In addition, all commercial transactions, including the issuance

of Letters of Indemnity and the like, were the sole responsibility of the Defendant Jaldhi, and the Plaintiff RM Martin was not authorized to conduce such transactions without the express consent of the Defendant Jaldhi.

35. Pursuant to the material terms of the contract between RM Martin and Jaldhi and general principals of agency, the Plaintiff, RM Martin, was under a fiduciary duty to act solely and entirely for the benefit of the Defendant, Jaldhi, in connection with the agreement and the agency.

36. In or about May of 2007, the Defendant Jaldhi first learned that the Plaintiff was in breach of its agreement with the Defendant Jaldhi and, also, in breach of its fiduciary duty to the Defendant Jaldhi by reason of the fact that the Plaintiff RM Martin had knowingly chartered vessels known as the M/V MEDI CHENNAI and M/V KORIANA in the name of the Defendant Jaldhi without the knowledge or consent of the Defendant Jaldhi and in breach of its duties to the Defendant Jaldhi. The consent for fixing in these vessels on Jaldhi's account was later given to the Plaintiff.

37. The Defendant Jaldhi now maintains that the Plaintiff knowingly breached the management agreement and its fiduciary duty in several respects, which *inter alia*, include: chartering vessels in the name of the Defendant, Jaldhi, without the knowledge and consent of the Defendant, Jaldhi; failing to

deliver documents, information, accountings and freight payments with respect to vessels that the Plaintiff chartered in Jaldhi's name with the consent of the Defendant Jaldhi; exceeding its authority by issuing Letters of Indemnity in the name of the Defendant Jaldhi without the knowledge or consent of the Defendant Jaldhi; and, wrongfully disclosing confidential information that was entrusted to the Plaintiff in strict confidence, such as fixture notes and charter parties, relating to vessels under charter to the Defendant Jaldhi to third parties without the knowledge or consent of the Defendant Jaldhi.

38. By reason of the breaches of contract and fiduciary duties outlined in paragraph 32 herein, the Defendant Jaldhi accepted termination of its contract with the Plaintiff RM Martin on June 26, 2007.

39. On September 11, 2007, and subsequent to the filing of the proceedings in New York, the Plaintiff RM Martin initiated legal proceedings against the Defendant Jaldhi in The High Court of The Republic of Singapore (Suit No. 580 of 2007) based on the allegation that the Defendant Jaldhi has failed to pay unpaid balances to the Plaintiff and, in the alternative, for the alleged wrongful termination of the contract.

40. In connection with the suit now pending in Singapore, the Plaintiff RM Martin is seeking to recover damages for unpaid management fees in the principal amount of $450,587.88, plus interest and costs.

41. The Defendant Jaldhi has entered an appearance in the litigation in Singapore, it will defend against the allegations made by the Plaintiff RM Martin in Singapore and it will assert counterclaims against the Plaintiff RM Martin in that same suit for RM Martin's breach of the management agreement and for breach of fiduciary duty.

42. At the present time, and as nearly as now can be estimated, the Defendant Jaldhi has suffered damages caused by the Plaintiff's breach of its agreement with Jaldhi and by Plaintiff's breach of its fiduciary duties in respect of profits that the Plaintiff, Jaldhi, would have earned in connection with the charter of at least two vessels, which were chartered in by the plaintiff in the name of the defendant without it's consent and /or authority, i.e. The M/V POS FREEDOM and The M/V MEDI SHANGHAI, that the Plaintiff, RM Martin, admittedly chartered in the name of the defendant without the defendant's consent or knowledge, with said loss of profits being in the amount of $773,549.74 as calculated with reference to profits that Jaldhi made operating similar vessels, carrying similar cargoes during the same period of time.

43. In addition to the damages set forth in paragraph 42, the Defendant will further seek damages from the Plaintiff RM Martin, by way of counterclaim, for any losses occasioned by the Plaintiff's failure to remit hire and/or freight in connection with other vessels, i.e. The M/V GOLDEN HOPE and The MARJATTA P, in the specific amount of $551,736.68 and possibly other vessels following a complete review of the accounting records to be provided by the Plaintiff RM Martin.

44. In addition to the damages set forth in paragraphs 42 and 43, the Defendant will further seek damages from the Plaintiff RM Martin, way of counterclaim, for any losses occasioned by the Plaintiff in connection with the issuance of unauthorized Letters of Indemnity and the losses occasioned by the Plaintiff's disclosure of confidential information.

45. Separate and apart from the claim for loss of profits in connection with The M/V POS FREEDOM and The M/V MEDI SHANGHAI and the other damages set forth in paragraphs 42 to 44, the Defendant Jaldhi maintains that, as a matter of law, it is entitled to recover the return of any compensation paid to the Plaintiff, RM Martin, during the term of the Plaintiff's breach of the management agreement and disloyalty beginning as of January 1, 2007, which amount is calculated to be $1,610,179.00.

46. At the present time, the damages referred to in paragraphs 42 to 44 herein, save for the specific damages alleged, cannot be further quantified with any reasonable certainty and, therefore, the Defendant Jaldhi specifically reserves its right to amend this counterclaim against the Plaintiff, RM Martin, as and when such additional damages become quantifiable.

47. Furthermore, the Defendant Jaldhi reserves its right to amend this counterclaim against the Plaintiff, RM Martin, to include a claim for punitive damages which may be recoverable in proceedings now ongoing in The High Court of the Republic of Singapore.

48. Finally, interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to Singaporean law.

49. As best as now can be estimated, the Defendant expects to recover interest on its counterclaim at a rate of 5.3%, which calculated for three years, amounts to $446,739.46.

50. The Defendant expects to recover costs in the amount of $250,000.00 and an award for litigation fees in the amount of $35,000.00 by The High Court of The Republic of Singapore.

**WHEREFORE,** Defendant JALDHI OVERSEAS PTE. LTD. demands judgment:

a) Dismissing the Complaint herein, together with costs and disbursements of this action;

b) An Order vacating the Writ of Attachment and Garnishment issued against the property of the Defendant JALDHI;

c) An Order directing all garnishees holding property of the Defendant JALDHI to release said property to the Order of JALDHI; or, in the alternative,

d) In the event this Honorable Court does not vacate the Writ of Attachment and Garnishment against the property of the Defendant, JALDHI, then the Honorable Court should enter an Order pursuant to Supplemental Rule E(7)(a) directing Plaintiff RM MARTIN to post US$3,687,207.80 as counter-security in favor of Defendant, JALDHI, for the above stated counterclaim;

e) An Order awarding Defendant JALDHI its legal expenses and attorneys fees incurred in defending the present action; and,

f) Such other, additional and further relief as the Court may deem to be just and proper in the circumstances of this case.

Dated: Port Washington, New York
September 18, 2007

By:

CHALOS O'CONNOR & DUFFY
Attorneys for Defendant,
JALDHI OVERSEAS PTE. LTD.

Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel:     516-767-3600
Telefax: 516-767-3605
Email: ofd@codus-law.com

To: <u>Via ECF</u>
Lennon, Murphy & Lennon, LLC
Attorneys for the Plaintiff,
TANG KHEOK HWA ROSEMARY d/b/a
R M MARTIN SUPPLIES AND SERVICES,
420 Lexington Avenue, Suite 300
New York, NY 10170

Attn: Patrick F. Lennon, Esq.
Nancy R. Peterson, Esq.

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
JALDHI OVERSEAS PTE. LTD.
366 Main Street
Port Washington, New York 110050
Telephone:   516-767-3600
Telefax:     516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TANG KHEOK HWA ROSEMARY d/b/a            :
R M MARTIN SUPPLIES AND SERVICES,        :
                                         :
                Plaintiff,               :       07 CV 7498 (CM)
                                         :
        - against -                      :       **VERIFICATION**
                                         :
                                         :
JALDHI OVERSEAS PTE. LTD.,               :
                                         :
                Defendants.              :
                                         :
------------------------------------------------------------x

STATE OF NEW YORK    :
                     : ss.
COUNTY OF NASSAU     :

BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy, who, after being duly sworn, did depose and state:

That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Defendant, JALDHI OVERSEAS PTE. LTD. (hereinafter "JALDHI"), herein;

That he has read the foregoing Answer with Affirmative Defenses and Counterclaim and knows the contents thereof; and

That he believes the matters to be true based on documents and information obtained from employees and representatives of the Defendant JALDHI through its agents, underwriters and attorneys.

The reason that this verification was made by deponent and not by the Defendant JALDHI is because Defendant JALDHI is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
September 18, 2007

By: 

CHALOS, O'CONNOR & DUFFY
Attorneys for Defendant,
JALDHI OVERSEAS PTE. LTD.

Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Telephone: 516-767-3600
Telefax:    516-767-3605

Subscribed and sworn to before me this
September 18, 2007

Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

To: Via ECF
Lennon, Murphy & Lennon, LLC
Attorneys for the Plaintiff,
TANG KHEOK HWA ROSEMARY d/b/a
R M MARTIN SUPPLIES AND SERVICES,
420 Lexington Avenue, Suite 300
New York, NY 10170

Attn: Patrick F. Lennon, Esq.
Nancy R. Peterson, Esq.

2