CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
JALDHI OVERSEAS PTE. LTD.
366 Main Street
Port Washington, New York 110050
Telephone:    516-767-3600
Telefax:       516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TANG KHEOK HWA ROSEMARY d/b/a                :
R M MARTIN SUPPLIES AND SERVICES,            :
                                             :
                Plaintiff,                   :         07 CV 7498 (CM)
                                             :
    - against -                              :
                                             :
                                             :
JALDHI OVERSEAS PTE. LTD.,                   :
                                             :
                Defendants.                  :
                                             :
------------------------------------------------------------x

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION
FOR COUNTER-SECURITY PURSUANT TO SUPPLEMENTAL RULE E (7)**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................ii

TABLE OF AUTHORITIES ............................................................................iii

PRELIMINARY STATEMENT........................................................................1

THE FACTS.......................................................................................................1

LEGAL ARGUMENT........................................................................................2

    I.      THE STANDARD FOR COUNTER-SECURITY..............................2

    II.     DEFENDANT JALDHI IS ENTITLED TO COUNTER-SECURITY, AND, THEREFORE, THIS HONORABLE COURT SHOULD DIRECT THE PLAINTIFF RM MARTIN TO POST COUNTER-SECURITY..........................................................................................3

          A.     The Claims and counterclaims arise out of the same transaction...................................................................................3

          B.     Defendant's counterclaims are not frivolous............................5

          C.     Requiring counter-security will not prevent the Plaintiff from bringing suit...............................................................................6

    III.    DEFENDANT IS ENTITLED TO THE FULL AMOUNT OF US$3,687,207.80 AS COUNTER-SECURITY FOR ITS COUNTERCLAIMS..............................................................................7

    IV.    JALDHI'S ATTACHED FUNDS SHOULD BE RELEASED AND THE ATTACHMENT VACATED IN THE EVENT THAT RM MARTIN DOES NOT PROVIDE COUNTER-SECURITY........................................................................................9

CONCLUSION ................................................................................................10

# TABLE OF AUTHORITIES

**CASES**                                                                                           **PAGE**

Afram Lines International, Inc. v. M/V Capetan Yiannis,
    905 F.2d 347 (11th Cir. 1990).................................................................2

Clipper Shipping Lines, Ltd. v. Global Transporte Oceanico S.A.,
    2007 U.S. Dist. LEXIS 18827 (S.D.N.Y. Feb. 26, 2007)..............................9

Continental Shipping, Ltd. v. Telfair Int'l Corp.,
    1990 U.S. Dist. LEXIS 11549 (S.D.N.Y. Sept. 4, 1990)...............................3

Finecom Shipping Ltd. v. Multi Trade Enterprises AG,
    2005 U.S. Dist. LEXIS 25761 (S.D.N.Y. October 24, 2005)........................5

Kossick v. United Fruit Co.,
    365 U.S. 731, 81 S. Ct. 886, 6 L. Ed. 2d 56 (1961).....................................5

Result Shipping Co., Ltd. v. Ferruzzi Trading USA, Inc.,
    56 F.3d 394 (2nd Cir. 1995)...............................................................3, 5, 6

Seaboard & Caribbena Transp. Corp. v. Hafen-Dampschiffart,
    329 F.2d 538 (5th Cir. 1964)......................................................................6

Starboard Venture Shipping, Inc. v. Casinomar Transportation, Inc.,
    1993 U.S. Dist. LEXIS 15891 (S.D.N.Y. Nov. 9, 1993)...............................5

Titan Navigation, Inc. v. Timsco, Inc.,
    808 F.2d 400 (5th Cir. 1987)..........................................................2, 3, 6, 7, 10

Transportes Carigbe, S.A. v. M/V Feder Trader,
    860 F.2d 637 (5th Cir. 1988).......................................................................3

Verton Navigation, Inc. v. Caribica Shipping Ltd.,
    1991 U.S. Dist. LEXIS 6722 (S.D.N.Y. May 1, 1991)..............................3, 8

Verton Navigation, Inc. v. Caribica Shipping, Ltd.,
    1992 U.S. Dist. LEXIS 517 (S.D.N.Y. Jan. 2, 1992).....................................9

Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co.,
    263 U.S. 629, 68 L. Ed. 480, 44 S. Ct. 220 (1924)..............................2, 3, 7, 9

**STATUTES and RULES**

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
Rule B.................................................................................................................8

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
Rule E(7)..............................................................................................1, 2, 3, 5, 7

**OTHER AUTHORITIES**

7A James W. Moore et al.,
    MOORE'S FEDERAL PRACTICE P E.15, at E-756 (2d ed. 1995).........................2

7A J. Moore & A. Pelaez,
    MOORE'S FEDERAL PRACTICE § (E.15) at E-737 (2d Ed. 1988)...................7, 8

## PRELIMINARY STATEMENT

Defendant, JALDHI OVERSEAS PTE. LTD., (hereinafter "Jaldhi"), by and through its undersigned counsel, CHALOS, O'CONNOR & DUFFY, LLP, respectfully submits this Memorandum of Law in Support of Defendant's Motion for Counter-Security pursuant to Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter "Rule E(7)").

In this case, Jaldhi has presented a counterclaim requesting counter-security which arises out of the same transaction as the original claim of Plaintiff TANG KHEOK HWA ROSEMARY d/b/a/ R M MARTIN SUPPLIES AND SERVICES (hereinafter "RM Martin"), is not frivolous, and does not bar the plaintiff from pursuing their claim in this or any other forum. Counter-security is, at its base, an equitable remedy which places parties on equal footing. To ensure equity, counter-security should be granted in either the full amount requested, or at least an amount equal to that already attached by the plaintiffs.

## STATEMENT OF FACTS

The facts pertaining to the instant Motion for Counter Security are more fully set forth in the accompanying Attorney's Affidavit of Owen F. Duffy, dated September 25, 2007. Rather than restate the facts fully herein, this Memorandum of Law in Support of Defendant's Motion for Counter-Security will make reference to, and will discuss as appropriate, the facts set forth the accompanying Attorney's Affidavit. Citation to the Attorney's Affidavit will refer to "Duffy Affidavit at ¶ -."

1

# LEGAL ARGUMENT

## POINT I

### THE STANDARD FOR COUNTER-SECURITY

The concept of counter-security is found in the first promulgation of the rules in American admiralty courts, and it continues today with little substantive change in Supplemental Rule E (7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *See*, Titan Navigation, Inc. v. Timsco, Inc., 808 F.2d 400, 402 (5th Cir. 1987). Supplemental Rule E(7) provides in relevant part:

> Whenever there is asserted a counterclaim arising out of the same transaction or occurrence with respect to which the action was originally filed, and the defendant or [counter-]claimant in the original action has given security to respond in damages, any plaintiff for whose benefit such security has been given shall give security in the usual amount and form to respond in damages to the claims set forth in such counterclaim, unless the court, for cause shown, shall otherwise direct . . . .

The final clause of the quoted language makes clear that the trial court possesses discretion in deciding whether to order counter-security. *See*, Afram Lines International, Inc. v. M/V Capetan Yiannis, 905 F.2d 347, 349 (11th Cir. 1990); Titan Navigation, Inc. v. Timsco, Inc., 808 F.2d 400, 403 (5th Cir. 1987); 7A James W. Moore et al., MOORE'S FEDERAL PRACTICE P E.15, at E-756 (2d ed. 1995).

In exercising this discretion, the district court should be guided primarily by two principles, which sometimes conflict with one another. On the one hand, the purpose of Rule E(7) is "'to place the parties on an equality as regards security,'" Titan Navigation, 808 F.2d at 403 (*quoting* Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 638-39, 68 L. Ed. 480, 44 S. Ct. 220 (1924)),

2

which usually favors granting counter-security when a defendant whose property has been attached asserts non-frivolous counterclaims growing out of the same transaction, especially when the counterclaimant could have proceeded *in rem* or *quasi in rem* in an independent suit. Result Shipping Co., Ltd. v. Ferruzzi Trading USA, Inc., 56 F.3d 394, 399 (2nd Cir. 1995). As was stated by Judge Mukasey when he was a member of this Court, "[t]he purpose [of Rule E(7)] is to force litigants to 'put their money where their mouth is,' so to speak." Continental Shipping, Ltd. v. Telfair Int'l Corp., 1990 U.S. Dist. LEXIS 11549 (S.D.N.Y. Sept. 4, 1990). On the other hand, the Rule is not intended to impose burdensome costs on a plaintiff that might prevent it from bringing suit. Result Shipping, *citing to*, Titan Navigation, 808 F.2d at 403-05 and Washington-Southern, 263 U.S. at 632-36 (construing the predecessor to Rule E(7) under old Admiralty Rules).

## POINT II

### DEFENDANT JALDHI IS ENTITLED TO COUNTER-SECURITY, AND, THEREFORE, THE HONORABLE COURT SHOULD DIRECT THE PLAINTIFF RM MARTIN TO POST COUNTER-SECURITY

*A. The Claims and counterclaims arise out of the same transaction*

It is axiomatic that claims and counterclaims between vessel owners and charterers arising out of a vessel charter are considered "arising out of the same transaction" for purposes of Supplemental Rule E(7). Verton Navigation, Inc. v. Caribica Shipping Ltd., no. 90 Civ. 6940, 1991 U.S. Dist. LEXIS 6722 (S.D.N.Y. May 1, 1991); Transportes Carigbe, S.A. v. M/V Feder Trader, 860 F.2d 637 (5th Cir. 1988).

In the present matter, the original claim stems from an oral agreement whereby RM Martin was to fix and manage certain vessels for Jaldhi. *See*, Duffy Aff. at ¶¶ 9, 11 and

34. Plaintiff RM Martin alleges that disputes arose between the parties regarding Defendant Jaldhi's failure to pay amounts due and owing. *See*, Duffy Aff. at ¶ 14. However, in May of 2007, Jaldhi learned that RM Martin had been in breach of the agreement and its fiduciary duties thereunder in several respects, which include, *inter alia*, chartering vessels in the name of the Defendant, Jaldhi, without the knowledge and consent of the Defendant, Jaldhi; failing to deliver documents, information, accountings and freight payments with respect to vessels that the Plaintiff chartered in Jaldhi's name with the consent of the Defendant Jaldhi; exceeding its authority by issuing Letters of Indemnity in the name of the Defendant Jaldhi without the knowledge or consent of the Defendant Jaldhi; and, wrongfully disclosing confidential information that was entrusted to the Plaintiff in strict confidence, such as fixture notes and charter parties, relating to vessels under charter to the Defendant Jaldhi to third parties without the knowledge or consent of the Defendant Jaldhi. *See*, Duffy Aff. at Exhibit 3, Verified Answer and Counterclaim, at ¶ 37. Defendant Jaldhi alleges that because the Plaintiff RM Martin was in breach of the contract, Defendant Jaldhi does not owe Plaintiff RM Martin any compensation and, in fact, is entitled to a return of the compensation it paid. *See*, Duffy Aff. at Exhibit 3, Verified Answer and Counterclaim, at ¶ 45. Clearly the Plaintiff's claims and the Defendant's counterclaims arise from the same contract and the same transactions regarding that contract. Because of the temporal proximity of the competing claims, the fact that the competing claims arose from the same agreement between the parties, and the relation of the competing claims to one another, this Court should find that the counterclaim arises out of the same transaction as the allegations in the Verified Complaint in this matter.

4

### B. Defendant's counterclaims are not frivolous

While Rule E(7) contains mandatory language, the trial courts possess "broad discretion in deciding whether to order counter-security." Result Shipping Co v. Ferruzzi Trading USA Inc., 56 F.3d 394, 399 (2d. Cir. 1995). One area where the court may exercise this discretion is the determination of the frivolity of a counterclaim. "The premise that counter-security will not be required on the basis of frivolous counterclaims is a sound one." Starboard Venture Shipping, Inc. v. Casinomar Transportation, Inc., 1993 U.S. Dist. LEXIS 15891 (S.D.N.Y. Nov. 9, 1993). Conversely, a court's ability to understand the merits of a particular dispute, especially early in a proceeding is "limited, and courts should be reluctant to prejudge the merits of claims based entirely on the pleadings and a sparse record consisting of a few documents, in advance of any discovery." Finecom Shipping Ltd. v. Multi Trade Enterprises AG, 2005 U.S. Dist. LEXIS 25761 (S.D.N.Y. October 24, 2005). An inability to understand the merits at an early stage is extenuated when "the ultimate merits will be decided not by this Court," but by another foreign judicial body. Id. at *4-*5 (the final decision in Finecom rested with foreign arbitration panel's determination of the facts so the court was unable to determine the alleged frivolousness of defendant's counterclaims and granted counter-security).

The claims and counterclaims in the present matter stem from an oral contract between RM Martin and Jaldhi. It has long been held that "oral contracts are generally regarded as valid by maritime law." Kossick v. United Fruit Co., 365 U.S. 731, 734, 81 S. Ct. 886, 6 L. Ed. 2d 56 (1961). Breach of a maritime contract is actionable, and clear instances of breach exist from the actions of RM Martin as alleged in the Defendant's

5

Verified Answer with Affirmative Defenses and Counterclaims.[1] Plaintiff RM Martin admits that the underlying claim(s) in this matter will be resolved in Singapore and has filed suit there. *See*, Duffy Affidavit at Exhibit 1, Verified Complaint at ¶ 13. Based upon these factual disputes, which are to be resolved by The High Court of The Republic of Singapore (Suit No. 580 of 2007), the counterclaims presented by the Defendant Jaldhi cannot be considered to be frivolous.

### C. *Requiring counter-security will not prevent the Plaintiff from bringing suit*

Before allowing claims for counter-security, courts must be wary of the burden placed on the Plaintiff, and take care to ensure the counter-security claim will not "prevent [Plaintiff] from bringing suit." *See*, Result Shipping, 56 F.3d at 400. However, financial difficulties do not automatically excuse the countersecurity requirement. *See*, Titan Navigation, 808 F.2d at 404, *citing* Seaboard & Caribbena Transp. Corp. v. Hafen-Dampschiffart, 329 F.2d 538 (5th Cir. 1964). In the case at hand Counterclaimant Jaldhi has no information that Plaintiff RM Martin is any less able to post security than it. *See*, Duffy Affidavit at ¶ 39.

Moreover, in the present matter, Plaintiff RM Martin instituted a proceeding on September 11, 2007, in the High Court of The Republic of Singapore, claiming Defendant Jaldhi has failed to pay any unpaid balances stemming from the previously discussed

---

[1] *See*, Affidavit of Duffy at Exhibit 3, Defendant Jaldhi's Verified Answer with Affirmative Defenses and Counterclaim: "Plaintiff knowingly breached the management agreement and its fiduciary duty in several respects, which, *inter alia,* include: chartering vessels in the name of the Defendant, Jaldhi, without knowledge and consent…failing to deliver documents, information, accountings and freight payments with respect to vessels that the Plaintiff had chartered…exceeding authority by issuing letters of Indemnity in the name of the Defendant Jaldhi without [its] knowledge or consent, and wrongfully disclosing confidential information."

agreement. *See*, Duffy Affidavit at ¶ 27 (hereinafter the "Singapore Action"). Defendant Jaldhi has entered an appearance in the Singapore Action. *See*, Duffy Affidavit at ¶ 28. Plaintiff RM Martin cited to Singapore as the forum where the underlying claim will be decided. *See*, Duffy Affidavit at Exhibit 1, Verified Complaint at ¶ 13. As such, the underlying action in Singapore will proceed apace whether or not this action in the Southern District of New York for security and/or counter-security continues. Therefore, requiring the Plaintiff RM Martin to post counter security will not impose any burden on Plaintiff RM Martin because its claims will be heard in the High Court of the Republic of Singapore in a meaningful way whether or not it decides to post counter-security in the Southern District of New York.

## POINT III

### DEFENDANT IS ENTITLED TO THE FULL AMOUNT OF US$3,687,207.80 AS COUNTER-SECURITY FOR ITS COUNTERCLAIMS

It has been stated countless times that one of the main purposes of Rule E(7) is "to place the parties on an equality as regards to security." <u>Titan Navigation</u>, 808 F.2d at 403 (quoting <u>Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co.</u>, 263 U.S. 629, 638-639 (1924). While some courts have limited the amount of security for counterclaims to the amount posted by the original defendant, this Court should follow the approach once advanced in MOORE'S FEDERAL PRACTICE, which stated:

> A holding [precluding imposition of a larger bond on the counterclaim than that which was required of the original defendant]...would serve only to encourage sham suits and races to the court house. Suppose, by way of illustration that two vessels collide and one suffers only minor damage and the other sustains very severe damage. If the owner of the slightly damaged vessel commences an action in rem against the severely damaged vessel a relatively small bond will be required by the owner of the

> severely damaged vessel. If the owner of the latter vessel is compelled to assert is much larger claim in the same action, it might be grossly unfair to limit the security for his claim to the amount of the bond he had to provide, since had he first commenced his action he could have compelled the posting of a bond large enough to compensate for the severe damages he alleges. In such a case, it might well be "just and reasonable" and more in keeping with the purposes of the rule providing for security on counterclaims to require that the original plaintiff post a larger bond to protect against the counterclaim than the original defendant had to post to protect against the original action. If courts are not alert to such facts, it might encourage the filing of sham suits by parties who know they are potential targets for large in rem actions. Similarly, a flat rule providing that security on counterclaims cannot exceed the amount of the original defendant's bond would encourage races to the courthouse by the least injured of the parties sustaining damages in a maritime occurrence.

7A J. Moore & A. Pelaez, MOORE'S FEDERAL PRACTICE § (E.15) at E-737 (2d Ed. 1988). This is a well-reasoned approach, particularly in light of the fact that Jaldhi could have proceeded with its claims *quasi rem* in the Southern District of New York as well, but that Plaintiff RM Martin "won the race to the courthouse door."

Additionally, this court has previously awarded Defendants the full amount sought in an action for counter-security. *See*, Verton Navigation, *supra*. The placement of parties in equal standing merits the assurance that a full claim is secured, rather than what may amount to a small percentage of the overall claim. In the present matter, RM Martin has secured $682,636.88[2] through a Rule B attachment, which Jaldhi does not contest. To be fully secured in its counterclaim and placed on equal footing, Jaldhi asks this court to grant counter-security in the amount of $3,687,207.80. Had Jaldhi brought its action first, it would have been able to secure this amount, and the fact that the order of the claims is opportunely in favor of RM Martin should not limit this award.

---

[2] As per the instructions to the garnishee-banks by Plaintiff RM Martin. *See*, Duffy Affidavit at ¶ 26.

8

In the alternative, if the Court does limit the initial security that RM Martin is required to post to an amount equal of that which RM Martin has attached, *to whit* 682,636.88, the Court's order should stipulate that RM Martin must provide security dollar for dollar for any additional funds of Jaldhi that are attached or restrained by RM Martin. Including such a provision in the Court's order will avoid the necessity of potential repeated applications for counter-security, if and when, additional funds transfers are restrained. This approach was used in the case of Clipper Shipping Lines, Ltd. v. Global Transporte Oceanico S.A., 2007 U.S. Dist. LEXIS 18827, * 7 - 8 (S.D.N.Y. Feb. 26, 2007) (Plaintiff was ordered to post a bond or other satisfactory security and to provide additional security matching any additional property plaintiff has restrained or is able to restrain in the future in any jurisdiction in connection up to the maximum of the counterclaim).

### POINT IV

### JALDHI'S ATTACHED FUNDS SHOULD BE RELEASED AND THE ATTACHMENT VACATED IN THE EVENT THAT RM MARTIN DOES NOT PROVIDE COUNTER-SECURITY

Again, the policy to place the parties on equal footing in relation to security blankets motions for counter-security. *See,* Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 638-639 (1924). Certainly, when one party posts security and the other fails to comply with a court order to do the same, inequity results.

This Court has demonstrated its willingness to vacate a plaintiff's attachment if that plaintiff fails to comply with an order to provide security for a counterclaim. *See,* Verton Navigation, 1992 U.S. Dist. LEXIS 517 (S.D.N.Y. January 21, 1992) (dismissing

9

plaintiff's complaint for failure to comply with court's order to post counter-security). Additionally, other circuits have vacated attachments when a party claiming financial inability failed to post counter-security. See Titan Navigation, Inc. v. Timsco, Inc., 808 F.2d 400 (5th Cir. 1987). In Titan Navigation, the court concluded that "there usually would be little or no reason to permit a complainant to enjoy unilateral security rights, absent strong justification…" Id.

In the present matter, Jaldhi requests an order of this court stating that Jaldhi is entitled to the release of its restrained funds in the event that RM Martin fails to provide adequate security. To allow otherwise would create an inequitable situation where one party is protected, leaving the other to suffer with the resulting injustice.

## CONCLUSION

The circumstances of this matter are clear: the counterclaim presented by Jaldhi is properly brought because it arises from the same transactions as the allegations in the Complaint, is not frivolous, and does not prevent RM Martin from bringing suit, particularly in Singapore where the suit is actively proceeding. Prior decisions of this Court as well as leading commentators have conceded that full security places both parties on equal footing in terms of total certainty of full judgment. In the alternative, the granting of relief equal to that attached by RM Martin would ensure protection for part of Jaldhi's claim, and the addition of a dollar-for-dollar increase would safeguard any additionally attached funds and put the parties on an equal footing.

Dated: Port Washington, New York
September 25, 2007

CHALOS O'CONNOR & DUFFY
Attorneys for Defendant,
JALDHI OVERSEAS PTE. LTD.

By: _____
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel:    516-767-3600
Telefax: 516-767-3605
Email: ofd@codus-law.com

To:    Via ECF
Lennon, Murphy & Lennon, LLC
Attorneys for the Plaintiff,
TANG KHEOK HWA ROSEMARY d/b/a
R M MARTIN SUPPLIES AND SERVICES,
420 Lexington Avenue, Suite 300
New York, NY 10170

Attn:   Patrick F. Lennon, Esq.
Nancy R. Peterson, Esq.