CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
JALDHI OVERSEAS PTE. LTD.
366 Main Street
Port Washington, New York 110050
Telephone:   516-767-3600
Telefax:        516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TANG KHEOK HWA ROSEMARY d/b/a           :
R M MARTIN SUPPLIES AND SERVICES,       :
                                        :
                    Plaintiff,          :           07 CV 7498 (CM)
                                        :
     - against -                        :
                                        :
                                        :
JALDHI OVERSEAS PTE. LTD.,              :
                                        :
                    Defendants.         :
                                        :
------------------------------------------------------------x

**ATTORNEY'S AFFIDAVIT**
**IN SUPPORT OF MOTION FOR COUNTER-SECURITY**
**PURSUANT TO SUPPLEMENTAL RULE E(7)**

State of New York      :
                       :ss.
County of Nassau       :

Owen F. Duffy, being duly sworn, states under penalty of perjury as follows:

1. I am a member of the Bar of the State of New York, and I am admitted to practice before this Court.

2. I am a member of the firm of Chalos, O'Connor & Duffy, LLP, attorneys for the Defendant JALDHI OVERSEAS PTE. LTD., (hereinafter "Jaldhi"), in this action.

3. I am fully familiar with the matters set forth in this affidavit, and my knowledge of the matters set forth in this affidavit is based on information provided to me by Defendant Jaldhi, its agents and attorneys and my own independent research.

4. I submit this affidavit for the purpose of setting forth the facts and introducing evidence of the facts to support Jaldhi's Motion for Counter-Security Pursuant to Supplemental Rule E(7).

*The Plaintiff RM Martin Supplies and Services*

5. The Plaintiff, TANG KHEOK HWA ROSEMARY d/b/a, R M MARTIN SUPPLIES AND SERVICES, (hereinafter "RM Martin"), is a foreign company organized and existing under foreign law. *See*, Exhibit 1, Verified Complaint at ¶ 2.

6. The Plaintiff RM Martin, is trading as a sole proprietorship registered in Singapore, with a registered place of business at 35 Burghley Drive, Serangoon Garden Estate, Singapore 559013. *See*, Exhibit 3, Writ of Summons filed in the High Court of the Republic of Singapore on November 9, 2007 (hereinafter "Writ of Summons") at page 5.

### *The Defendant Jaldhi Overseas PTE, Ltd.*

7.      The Defendant Jaldhi is an entity incorporated in Singapore, with a principal place of business in Singapore located at 101 Cecil Street, #08-06 Tong Eng Building, Singapore 069533. *See*, Exhibit 2, Writ of Summons at page 1. *See also*, Exhibit 1, Verified Complaint at ¶ 3, *and see*, Exhibit 2, Verified Answer with Affirmative Defenses and Counterclaim at ¶ 3.

8.      The Defendant Jaldhi is engaged in the Chartering business whereby the Defendant Jaldhi charters in ocean-going vessels, operates the vessels as disponent Owners, and charters space on such vessels under voyage charter arrangements or pursuant to bills of lading to carry cargo from ports worldwide on behalf of its clients, who are the shippers of bulk cargoes, in exchange for payments of freight and/or hire. *See* Exhibit 2, Verified Answer with Affirmative Defenses and Counterclaim at ¶ 30.

### *The Underlying Dispute between RM Martin and Jaldhi*

9.      The Plaintiff RM Martin alleges it was party to a contract whereby RM Martin would "fix", i.e. charter, vessels as well as assist in management and/or operation of those vessels fixed for the Defendant Jaldhi. *See*, Exhibit 1, Verified Complaint at ¶¶ 4 and 5. *See also*, Exhibit 2, Verified Answer with Affirmative Defenses and Counterclaim at ¶¶ 4, 5.

10.     The Plaintiff RM Martin alleges that in return for its services, Defendant Jaldhi agreed to pay Plaintiff 2.5% of the hire payable for each vessel fixed for the

Defendant. *See*, Exhibit 1, Verified Complaint at ¶ 7. *See also*, Exhibit 2, Verified Answer with Affirmative Defenses and Counterclaim at ¶ 7 (Defendant denies).

11.     The Defendant Jaldhi does not dispute the existence of an agreement between itself and Plaintiff RM Martin, but the Defendant Jaldhi disputes several of the terms of the agreement as alleged by Plaintiff RM Martin. *See*, Exhibit 2, Answer at ¶s 4 to 7.

12.     In any event, because of breaches of the agreement committed by Plaintiff RM Martin and because the Plaintiff RM Martin refused to continue performance under the agreement, the Defendant Jaldhi terminated the agreement on June 26, 2007. *See* Exhibit 1, Verified Complaint at ¶ 9, *see also*, Exhibit 2, Verified Answer with Affirmative Defenses and Counterclaim at ¶ 9 (stating termination because of RM Martin's refusal to perform any further services).

### *RM Martin commenced suit against Jaldhi*

13.     On August 24, 2007, the Plaintiff RM Martin filed a Verified Complaint against Defendant Jaldhi in the Southern District of New York. *See*, Exhibit 1, Verified Complaint.

14.     As set forth in the Plaintiff's complaint, RM Martin alleged that Jaldhi was in breach of its agreement with Plaintiff RM Martin and Plaintiff claimed damages for amounts due and owing under the agreement in relation to several vessels. *See*, Exhibit 1, Verified Complaint at ¶ 10.

15.     Importantly, the Plaintiff RM Martin stated that it had initiated the New York litigation solely to obtain security because RM Martin was preparing to initiate suit

against the Defendant on its claim in Singapore. *See*, Exhibit 1, Verified Complaint at ¶ 13.

16. Pursuant to Supplemental Rule B, Plaintiff RM Martin sought an Order directing the Clerk of Court to issue a Process of Maritime Attachment and Garnishment. *See*, Exhibit 1, Verified Complaint at ¶ 16.

17. The amount requested in the Verified Complaint was $884,165.85, and it included amounts that the Plaintiff expected to recover under Singaporean law. *See*, Exhibit 1, Verified Complaint at ¶ 14.

### *RM Martin obtained an Ex Parte Process of Maritime Attachment*

18. On August, 27, 2007, this Court issued an *Ex Parte* Order for Process of Maritime Attachment ordering the attachment of funds or property belonging to Defendant Jaldhi up to $884,165.85. *See*, Exhibit 3, *Ex-Parte* Order for Process of Maritime Attachment dated August 27, 2007.

19. On August 29, 2007, a Process of Maritime Attachment was issued pursuant to the *Ex-Parte* Order for Process of Maritime Attachment dated August 27, 2007 in the amount of $884,165.85. *See*, Exhibit 4, Civil Docket for Case 07-cv-07498-CM.

20. Subsequently, Plaintiff requested a second Ex-Parte Order for Process of Maritime Attachment in the reduced amount of $799,969.81, which order was signed on September 7, 2007. *See*, Exhibit 5, *Ex-Parte* Order for Process of Maritime Attachment dated September 7, 2007.

21. On September 7, 2007, a Process of Maritime Attachment was issued pursuant to the *Ex-Parte* Order for Process of Maritime Attachment dated September 7, 2007 in the amount of $799,969.81. *See*, Exhibit 4, Civil Docket for Case 07-cv-07498-CM.

### *RM Martin restrained funds pursuant to the Process of Maritime Attachment*

22. Pursuant to the Second Process for Maritime Attachment, an Electronic Funds Transfer in the amount of $799,969.81 was attached at J.P. Morgan Chase. *See*, Exhibit 6, Letter to Hon. Colleen McMahon, U.S.D.J., dated September 12, 2007.

### *RM Martin, being over-secured again, reduces the amount in the Process*

23. Subsequent to the attachment of $799,969.81 at J.P. Morgan Chase, Plaintiff RM Martin, again requested a reduced *Ex-Parte* Order for Process of Maritime, which order was signed on September 12, 2007. *See*, Exhibit 7, *Ex-Parte* Order for Process of Maritime Attachment signed on September 12, 2007.

24. The docket does not state, and it does not appear that that any Process of Maritime Attachment was issued pursuant to the *Ex-Parte* Order for Process of Maritime Attachment of September 12, 2007. *See*, Exhibit 4, Civil Docket for Case 07-cv-07498-CM.

25. Plaintiff RM Martin explained in a letter to Hon. Colleen McMahon, U.S.D.J. that after each *Ex-Parte* Order for Process of Maritime Attachment, it had subsequently learned that Defendant Jaldhi, had paid respectively, $72,589.05 and

$101,157.80, thus reducing its base claim to $450,587.88. *See*, Exhibit 6, Letter to Hon. Colleen McMahon, U.S.D.J., dated September 12, 2007.[1]

26.     At the present time, Plaintiff RM Martin has instructed the garnishee-banks to hold only $682,636.88 in this matter.

### *The Singapore Litigation between RM Martin and Jaldhi*

27.     On September 11, 2007, and subsequent to the filing of the proceedings in New York, the Plaintiff RM Martin initiated legal proceedings against the Defendant Jaldhi in The High Court of The Republic of Singapore (Suit No. 580 or 2007) (hereinafter the "Singapore Action") based on the same cause of action that was asserted as a predicate for obtaining Process of Maritime Attachment in New York, save for the fact that RM Martin only alleged damages in the amount of $450,587.88. *See*, Exhibit 8, Writ of Summons, ¶¶ 1 and 2, and, *compare* Exhibit 1, Verified Complaint.

28.     The Defendant Jaldhi has entered an appearance in the Singapore Action. *See*, Exhibit 9, Memorandum of Appearance in the Singapore Action dated September 12, 2007.

29.     Defendant Jaldhi's Answer in the Singapore Action is not yet due, however, but Defendant Jaldhi will respond to the claim asserted in Singapore in a manner consistent with the Answer, Affirmative Defenses and Counter Claim filed here in New York, meaning that Defendant Jaldhi denies that it was in breach of any agreement with RM Martin, but rather RM Martin was in breach of the agreement for, *inter alia*, wrongfully using Jaldhi's name to charter vessels for its own account,

---

[1] Plaintiff RM Martin, however, did not reduce its estimated attorneys' fees of $125,000.00 nor its estimated litigation costs of $35,000.00.

7

improperly issuing Letters of Indemnity that purported to bind Jaldhi for obligations it did not undertake, failing to account for monies collected during the course of its agreement with Jaldhi and wrongfully disclosing confidential information. *See*, Exhibit 2, Verified Answer with Affirmative Defenses and Counterclaim at ¶s 36 to 38.

30. The Defendant Jaldhi expects to prevail in the action initiated in Singapore.

31. The Singapore Litigation is presently pending, with hearings to be held, documents to be filed, and no decision having been made by The High Court of the Republic of Singapore.

### *Jaldhi enters an appearance in NY and files an Answer and a Counterclaim*

32. Defendant Jaldhi entered a restricted appearance in this action on September 18, 2007. *See*, Exhibit 10, Notice of Restricted Appearance pursuant to Fed. R. Civ. P. E(8) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

33. Defendant Jaldhi filed its Verified Answer to the Complaint on September 18, 2007. *See*, Exhibit 2, Verified Answer with Affirmative Defenses and Counterclaim.

34. In its Verified Answer Defendant Jaldhi admitted that the parties entered into the oral contract at issue in the Plaintiff's Complaint whereby RM Martin would provide ship management services to Jaldhi. *See*, Exhibit 2, Verified Answer with Affirmative Defenses and Counterclaim at ¶ 31.

35. In its Verified Answer, Defendant Jaldhi also alleged its counterclaim against Plaintiff RM Martin alleging, *inter alia*, that Plaintiff RM Martin had first breached the contract at issue and furthermore breached its fiduciary duties thereunder.

*See*, Exhibit 2, Verified Answer with Affirmative Defenses and Counterclaim at ¶¶ 29 – 50.

36. The Counterclaim explains that Plaintiff RM Martin, having been given management over ships chartered in the name of Defendant Jaldhi pursuant to the contract that is at issue in the case at hand, had abused that trust by chartering ships in the name of Jaldhi without its prior consent, resulting in lost profits of $773,549.74, failing to remit payments of $551,736.68 due in connection with the contract that is at issue in this matter, and that because of its disloyalty, that Jaldhi was entitled to recover the return of compensation paid to RM Martin during the term of its breach, *i.e.* $1,610,179.00. *See*, Exhibit 2, Verified Answer with Affirmative Defenses and Counterclaim at ¶¶ 42 - 45.[2]

37. Additionally, Counterclaimant Jaldhi, similar to Plaintiff RM Martin, also claims interest, attorneys' fees and litigation costs in connection with this matter and the underlying case which will be heard before the High Court of the Republic of Singapore. *See*, Exhibit 2, Verified Answer with Affirmative Defenses and Counterclaim at ¶¶ 49 – 50.

38. Counterclaimant Jaldhi's counterclaims are clearly non-frivolous, Jaldhi's counterclaims arise from the same transaction or occurrence that is the subject of the original action filed by RM Martin in this Court and Jaldhi could have proceeded *quasi in rem* against RM Martin in an independent suit in the Southern District of New York.

39. RM Martin can make no argument that a requirement to counter secure Jaldhi's claims will impose such burdensome costs upon Plaintiff RM Martin that it

---

[2] Counterclaimant Jaldhi also will further seek damages from Plaintiff RM Martin for any losses in connection with RM Martin's issuance of unauthorized Letters of Indemnity and disclosure of confidential information. *See*, Exhibit 2, Verified Answer with Affirmative Defenses and Counterclaim at ¶44.

would have been prevented from bringing suit against Jaldhi in the High Court of the Republic of Singapore.

## CONCLUSION

40. Under these circumstances, where counterclaims arise from the same transactions as the Plaintiff's claims, the counterclaims are not frivolous and requiring counter-security will not prevent the Plaintiff from bringing suit, this court should, pursuant to Rule E (7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions in order to place the parties on an equal footing regarding security for their claims.

Dated: Port Washington, New York
September 25, 2007

_____
Owen F. Duffy

Subscribed and sworn to before me this
September 25, 2007

_____
Notary Public, State of New York
GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

10