# EXHIBIT 1

JUDGE McMAHON                    07 CIV 7498

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
TANG KHEOK HWA ROSEMARY d/b/a
R M MARTIN SUPPLIES AND SERVICES,

                              Plaintiff,

          - against -

JALDHI OVERSEAS PTE LTD.,

                              Defendant.
---------------------------------------------------------X



07 civ
ECF CASE
RECEIVED
AUG 2 4 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, TANG KHEOK HWA ROSEMARY d/b/a R M MARTIN SUPPLIES AND
SERVICES ("RM Martin" or "Plaintiff"), by and through its attorneys, Lennon, Murphy &
Lennon, LLC, as and for its Verified Complaint against the Defendant, JALDHI OVERSEAS
PTE LTD., ("Jaldhi" or "Defendant") alleges, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the
Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.      At all times material to this action, Plaintiff was, and still is, a foreign corporation,
or other business entity organized and existing under foreign law.

3.      Upon information and belief, Defendant was, and still is, a foreign corporation, or
other business entity organized and existing under foreign law and an owner and/or operator of
sea-going vessels.

4.      In or around 2004, the parties entered into an agreement by which Plaintiff agreed
to assist the Defendant in fixing, i.e. chartering-in, vessels.

5.      In addition, Plaintiff agreed to manage and/or operate those vessels fixed for the
Defendant, including but not limited coordinating the movements of those vessels.

6.    As well as providing that Plaintiff would fix vessels with Defendant, the agreement contemplated that Plaintiff would supervise and perform operational duties on those vessels, such as coordinating the loading and discharge of ships and the inspection of cargoes for import and export.

7.    In return, Defendant agreed to pay Plaintiff 2.5% of the hire payable for each vessel that was fixed for the Defendant.

8.    During the course of the agreement, disputes arose between the parties regarding Defendant's failure to pay Plaintiff the amounts due and owing under the agreement in relation to several vessels.  *Please see list of vessels and corresponding amounts due to Plaintiff annexed hereto as Exhibit "1."*

9.    On or about June 26, 2007, Defendant terminated the agreement.

10.    As a result of Defendant's failure to pay the sums due and owing to the Plaintiff under the agreement, Plaintiff sustained damages in the principal amount of $672,653.30, exclusive of interest, litigation costs and attorneys fees.

11.    To date, Defendant has paid only $48,318.57 towards Plaintiff's claim.

12.    Despite due demand, Defendant has failed and/or refused to pay the balance due and owing to Plaintiff under the agreement.

13.    Plaintiff is currently preparing to initiate suit against the Defendant on its claims in Singapore.

14.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to Singaporean Law.  As best as can now be estimated, Plaintiff expects to recover the following amounts pursuant to the Judgment(s) and/or Award of Costs:

A.    Principal claim:                                        $624,334.73

B.    Interest on claims:
3 years at 5.33%                                              $99,831.12

2

C.    Estimated attorneys' fees and expenses:    $125,000.00

D.    Estimated litigation costs:    $35,000.00

Total    $884,165.85

15.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

16.    The Plaintiff seeks an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.    That pursuant to 9 U.S.C. §§ 201 et. seq. this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

C.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies,

3

tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, including but not limited to funds moving to or from Defendant's accounts, # FCCA (USD)- 0003-001191-01-8-022 at DBS Bank– Singapore and/or 551-001554-301 at OCBC Bank, Singapore, in the amount of $884,165.85 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E. That this Court award Plaintiff its attorneys' fees and costs of this action; and

F. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: August 24, 2007
       New York, NY

The Plaintiff,
TANG KHEOK HWA ROSEMARY d/b/a R M MARTIN
SUPPLIES AND SERVICES

By: _____
Patrick F. Lennon (PL 2162)
Nancy R. Peterson (NP 2871)
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
pfl@lenmur.com
nrp@lenmur.com

# ATTORNEY'S VERIFICATION

State of New York )
                  ) ss.;   City of New York
County of New York )

1.    My name is Nancy R. Peterson.

2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.    I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    August 24, 2007
           New York, NY

_____
Nancy R. Peterson

5

**EXHIBIT 1**

ANNEX A

| Invoice Date | Invoice No. | Vessel | Due Date | Amount (USD) |
|---|---|---|---|---|
| 01/03/2007 | TC035-07 | MV JIN LI | 15/03/2007 | 18,437.50 |
| 01/03/2007 | TC036-07 | MV ETERNAL POWER | 15/03/2007 | 16,800.00 |
| 02/03/2007 | TC037-07 | MV AMIRA | 15/03/2007 | 25,625.00 |
| 02/03/2007 | TC038-07 | MV RELIANCE OCEAN | 15/03/2007 | 15,781.25 |
| 06/03/2007 | TC039-07 | MV IKAN KERAPU | 15/03/2007 | 26,562.50 |
| 07/03/2007 | TC040-07 | MV GOLDEN WISH | 15/03/2007 | 19,375.00 |
| 13/03/2007 | TC042-07 | MV GOLDEN HOPE | 15/03/2007 | 12,500.00 |
| 13/03/2007 | TC043-07 | MV BAYTUR | 15/03/2007 | 22,500.00 |
| 14/03/2007 | TC044-07 | MV ATHOS | 15/03/2007 | 17,687.50 |
| 14/03/2007 | TC045-07 | MV FAIR SKY | 15/03/2007 | 21,093.75 |
| 14/03/2007 | TC046-07 | MV IRIS HALO | 15/03/2007 | 24,218.75 |
| 30/04/2007 | TC071-07 | MV MARITIME LIJIANG | 15/05/2007 | 25,000.00 |
| 03/05/2007 | TC072-07 | MV SOPHIA | 15/05/2007 | 17,281.25 |
| 08/05/2007 | TC073-07 | MV ETERNAL POWER | 15/05/2007 | 7,470.00 |
| 08/05/2007 | TC074-07 | MV ETERNAL POWER | 15/05/2007 | 16,200.00 |
| 14/05/2007 | TC077-07 | MV HARMONIC PROGRESS | 15/05/2007 | 20,500.00 |
| 14/05/2007 | TC078-07 | MV OCEAN SYMPHONY | 15/05/2007 | 17,590.42 |
| 17/05/2007 | TC079-07 | MV KATERINA | 30/05/2007 | 18,750.00 |
| 21/05/2007 | TC081-07 | MV FURNESS LONDON | 30/05/2007 | 20,868.03 |

| | | | | |
|---|---|---|---|---|
| 21/05/2007 | TC082-07 | MV CK GLORY | 30/05/2007 | 18,906.25 |
| 24/05/2007 | TC085-07 | MV HARDWAR | 30/05/2007 | 18,064.37 |
| 28/05/2007 | TC087-07 | MV IKAN SUJI | 30/05/2007 | 24,375.00 |
| 30/05/2007 | TC089-07 | MV ETERNAL POWER | 15/06/2007 | 14,703.75 |
| 05/06/2007 | TC091-07 | MV OCEAN PRELUDE | 16/06/2007 | 29,678.99 |
| 05/06/2007 | TC092-07 (Rev 1) | MV HERON | 16/06/2007 | 22,410.16 |
| 06/06/2007 | TC093-07 | MV YASA AYSEN | 16/06/2007 | 27,818.95 |
| 21/06/2007 | TC100-07 | MV IKAN SEMBAK | 30/06/2007 | 30,625.00 |
| 21/06/2007 | TC101-07 | MV MICHELE BOTTIGLIERI | 30/06/2007 | 33,206.88 |
| 28/06/2007 | TC103-07 | MV ALAM MANIS | 30/06/2007 | 32,500.00 |
| 28/06/2007 | TC104-07 | MV SUNNY GLORY | 30/06/2007 | 25,312.50 |
| 29/06/2007 | TC105-07 | MV FIRST TRADER | 30/06/2007 | 32,812.50 |
| Sub-Total | | | | 672,653.30 |
| Less amount received on 4 July 2007 | | | | (48,318.57) |
| Total | | | | 624,334.73 |

# EXHIBIT 2

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
JALDHI OVERSEAS PTE. LTD.
366 Main Street
Port Washington, New York 110050
Telephone:    516-767-3600
Telefax:        516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TANG KHEOK HWA ROSEMARY d/b/a          :
R M MARTIN SUPPLIES AND SERVICES,      :
                                       :
                        Plaintiff,     :        07 CV 7498 (CM)
                                       :
          - against -                  :
                                       :        **ANSWER WITH**
                                       :        **AFFIRMATIVE**
JALDHI OVERSEAS PTE. LTD.,             :        **DEFENSES AND**
                                       :        **COUNTERCLAIM**
                        Defendants.    :
                                       :
-------------------------------------------------------------x


        Defendant, JALDHI OVERSEAS PTE. LTD., (hereinafter "JALDHI"), by and

through its attorneys, CHALOS, O'CONNOR & DUFFY, LLP, and having entered a

restrictive appearance pursuant to Rule E (8) of the Supplemental Rules for Certain

Admiralty and Maritime Claims, hereby Answers the Verified Complaint of Plaintiff upon

information and belief as follows:

    1.    Admits the allegations contained in Paragraph "1" of Plaintiff's Verified

          Complaint.

    2.    Admits that Plaintiff TANG KHEOK HWA ROSEMARY d/b/a R M

          MARTIN SUPPLIES AND SERVICES (hereinafter "RM MARTIN") is

located with a business address and presence in Singapore. Except as so specifically admitted, Defendant JALDHI denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "2" of Plaintiff's Verified Complaint.

3.    Admits the allegations contained in Paragraph "3" of Plaintiff's Verified Complaint.

4.    Admits that in or around 2004, the parities entered into an agreement. Except as so specifically admitted, the remaining allegations set forth in Paragraph "4" of the Plaintiff's Verified Complaint are denied.

5.    Defendant Jaldhi admits that the Plaintiff was engaged to manage vessels which Jaldhi had chartered consistent with Jalhi's consent and advice. Except as so specifically admitted, the remaining allegations contained in Paragraph "5" of Plaintiff's Verified Complaint are denied.

6.    Denies the allegations contained in Paragraph "6" of Plaintiff's Verified Complaint.

7.    Denies the allegations contained in Paragraph "7" of Plaintiff's Verified Complaint.

8.    Admits that disputes arose between the parties as set forth in Paragraph "8" of the Plaintiff's Complaint. Except as so specifically admitted, the Defendant JALDHI denies the remaining allegations set forth in Paragraph "8" of the Verified Complaint.

9.    Admits the allegations contained in Paragraph "9" of Plaintiff's Verified Complaint, but only because the Plaintiff had earlier, in an email dated June

2

12, 2007, refused to perform any further services in accordance with the agreement between RM Martin and Jaldhi and also because of the breaches of the Agreement that had already been committed by the Plaintiff, RM Martin.

10.    Denies the allegations contained in Paragraph "10" of Plaintiff's Verified Complaint.

11.    Denies the allegations contained in Paragraph "11" of Plaintiff's Verified Complaint.

12.    Denies the allegations contained in Paragraph "12" of Plaintiff's Verified Complaint.

13.    Admits that the Plaintiff, RM Martin, has already instituted suit in the High Court for the Republic of Singapore.

14.    Denies the allegations contained in Paragraph "14" of Plaintiff's Verified Complaint.

15.    Admits that Defendant JALDHI cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Except as so specifically admitted, the Defendant JALDHI denies the remaining allegations set forth in Paragraph "15" of the Verified Complaint are denied.

16.    The allegations contained in Paragraph "16" of Plaintiff's Verified Complaint require no response.

3

## AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS
## SET FORTH IN THE VERIFIED COMPLAINT, DEFENDANT
## JALDHI OVERSEAS ALLEGES UPON INFORMATION AND BELIEF

### *First Separate and Complete Affirmative Defense*

17.     The Verified Complaint fails to state a claim against the Defendant JALDHI

upon which relief may be granted.

### *Second Separate and Complete Affirmative Defense*

18.     This Honorable Court lacks personal jurisdiction over Defendant JALDHI.

### *Third Separate and Complete Affirmative Defense*

19.     The Plaintiff, RM MARTIN, has not secured the attachment of any property

belonging to the Defendant JALDHI within this district and, therefore, the

Honorable Court lacks *quasi in rem* jurisdiction over the property of the

Defendant JALDHI.

### *Fourth Separate and Complete Affirmative Defense*

20.     In the alternative, the Plaintiff, RM MARTIN, has improperly secured the

attachment of property belonging to the Defendant, JALDHI, within this

district and, therefore, the Honorable Court lacks *quasi in rem* jurisdiction

over the property of the Defendant JALDHI.

4

### *Fifth Separate and Complete Affirmative Defense*

21.    The forum is inconvenient and Plaintiff's Verified Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

### *Sixth Separate and Complete Affirmative Defense*

22.    Both the Plaintiff and the Defendant are foreign parties who are based in Singapore, neither the Plaintiff nor the Defendant have any tangible connection with the United States in general or, more specifically, the Southern District of New York, the underlying dispute does not have any tangible connection with the United States, the underlying dispute is being litigated in Singapore and, therefore, this Honorable Court should exercise its discretion and decline jurisdiction over a maritime case involving two foreign parties.

### *Seventh Separate and Complete Affirmative Defense*

23.    The Defendant, JALDHI, is not liable to Plaintiff, RM MARTIN, on the causes of action alleged in the Plaintiff's Verified Complaint and, therefore, the Plaintiff has failed to set forth a valid *prima facie* admiralty claim.

### *Eighth Separate and Complete Affirmative Defense*

24.    The contract upon which the Plaintiff's claim is based is not a maritime contract and, therefore, the Plaintiff has failed to set forth a valid *prima facie*

admiralty claim sufficient to invoke the procedural remedy of Rule B Maritime Attachment.

### *Ninth Separate and Complete Affirmative Defense*

25.     Any damages claimed by Plaintiff, which Defendant JALDHI denies, were caused in part or in whole by the faults, actions or omissions of the Plaintiff, or the Plaintiff's own breaches of any contract or agreement, or by reason of causes from which the Defendant JALDHI is not responsible under the terms and conditions of any contract or agreement between the parties and, therefore, Defendant JALDHI is not responsible to the Plaintiff for any of the damages claimed in the Verified Complaint.

### *Tenth Separate and Complete Affirmative Defense*

26.     Any damages sustained by the Plaintiff, as alleged in the Plaintiff's Verified Complaint were proximately, directly, and solely caused by the acts of third persons over whom Defendant JALDHI did not have direction or control or was, otherwise, not responsible for pursuant to the terms and conditions of any contract or agreement between the parties.

### *Eleventh Separate and Complete Affirmative Defense*

27.     Plaintiff herein has failed to mitigate its damages.

6

### *Twelfth Separate and Complete Affirmative Defense*

28.    This Answer is made without waiver of any jurisdictional defenses or rights

to arbitrate that may exist between the parties.

**AS AND FOR A COUNTERCLAIM
AGAINST PLAINTIFF RM MARTIN,
DEFENDANT ALLEGES UPON INFORMATION AND BELIEF**

29.    Defendant JALDHI hereby repeats and realleges each and every response

made in this Verified Answer to the allegations of the Verified Complaint

with the same force and effect as if fully set forth herein.

30.    The Defendant JALDHI is engaged in the Chartering business whereby the

Defendant JALDHI charters in ocean-going vessels, operates the vessels as

disponent Owners, and charters space on such vessels under voyage charter

arrangements or pursuant to bills of lading to carry cargo from ports

worldwide on behalf of its clients, who are the shippers of bulk cargoes, in

exchange for payments of freight and/or hire.

31.    As admitted herein, the Plaintiff and the Defendant entered into an oral

contract in or about late 2004 / early 2005 whereby the Plaintiff and

Defendant agreed that the Plaintiff would provide ship management

services to Jaldhi with respect to vessels chartered in the name of Jaldhi.

7

32.  Pursuant to the material terms of the contract between RM Martin and Jaldhi, the Plaintiff RM Martin, it was understood and agreed that the Plaintiff would: act as the Defendant's agent for the purpose of managing vessels that were chartered in Jaldhi's name by the Defendant Jaldhi through Plaintiff's employees and office in Singapore; account for all sub-hire or freight earned by the Jaldhi vessels; and, the Plaintiff would earn a management fee limited to 2.5% of the daily charter hire of the vessels in situations where the Defendants would be earning a 3.75% address commission and limited to a maximum of 25 days hire for vessels under short term time charter parties.

33.  Pursuant to the material terms of the contract between RM Martin and Jaldhi, the Plaintiff RM Martin was required to: obtain the consent of Defendant Jaldhi before entering into any charter parties or fixtures in the name of Jaldhi; was not authorized to issue any Letters of Indemnity; and, obtain the express authorization of the Defendant Jaldhi before disclosing any information and/or documents related to the agreement between the parties to third parties.

34.  Pursuant to the material terms of the contract between RM Martin and Jaldhi, all freight earnings, other payments and all other charges were to be accounted for and routed through the Defendant Jaldhi's account exclusively. In addition, all commercial transactions, including the issuance

8

of Letters of Indemnity and the like, were the sole responsibility of the Defendant Jaldhi, and the Plaintiff RM Martin was not authorized to conduce such transactions without the express consent of the Defendant Jaldhi.

35.    Pursuant to the material terms of the contract between RM Martin and Jaldhi and general principals of agency, the Plaintiff, RM Martin, was under a fiduciary duty to act solely and entirely for the benefit of the Defendant, Jaldhi, in connection with the agreement and the agency.

36.    In or about May of 2007, the Defendant Jaldhi first learned that the Plaintiff was in breach of its agreement with the Defendant Jaldhi and, also, in breach of its fiduciary duty to the Defendant Jaldhi by reason of the fact that the Plaintiff RM Martin had knowingly chartered vessels known as the M/V MEDI CHENNAI and M/V KORIANA in the name of the Defendant Jaldhi without the knowledge or consent of the Defendant Jaldhi and in breach of its duties to the Defendant Jaldhi. The consent for fixing in these vessels on Jaldhi's account was later given to the Plaintiff.

37.    The Defendant Jaldhi now maintains that the Plaintiff knowingly breached the management agreement and its fiduciary duty in several respects, which *inter alia*, include: chartering vessels in the name of the Defendant, Jaldhi, without the knowledge and consent of the Defendant, Jaldhi; failing to

9

deliver documents, information, accountings and freight payments with respect to vessels that the Plaintiff chartered in Jaldhi's name with the consent of the Defendant Jaldhi; exceeding its authority by issuing Letters of Indemnity in the name of the Defendant Jaldhi without the knowledge or consent of the Defendant Jaldhi; and, wrongfully disclosing confidential information that was entrusted to the Plaintiff in strict confidence, such as fixture notes and charter parties, relating to vessels under charter to the Defendant Jaldhi to third parties without the knowledge or consent of the Defendant Jaldhi.

38.    By reason of the breaches of contract and fiduciary duties outlined in paragraph 32 herein, the Defendant Jaldhi accepted termination of its contract with the Plaintiff RM Martin on June 26, 2007.

39.    On September 11, 2007, and subsequent to the filing of the proceedings in New York, the Plaintiff RM Martin initiated legal proceedings against the Defendant Jaldhi in The High Court of The Republic of Singapore (Suit No. 580 of 2007) based on the allegation that the Defendant Jaldhi has failed to pay unpaid balances to the Plaintiff and, in the alternative, for the alleged wrongful termination of the contract.

40.    In connection with the suit now pending in Singapore, the Plaintiff RM
Martin is seeking to recover damages for unpaid management fees in the
principal amount of $450,587.88, plus interest and costs.

41.    The Defendant Jaldhi has entered an appearance in the litigation in
Singapore, it will defend against the allegations made by the Plaintiff RM
Martin in Singapore and it will assert counterclaims against the Plaintiff
RM Martin in that same suit for RM Martin's breach of the management
agreement and for breach of fiduciary duty.

42.    At the present time, and as nearly as now can be estimated, the Defendant
Jaldhi has suffered damages caused by the Plaintiff's breach of its
agreement with Jaldhi and by Plaintiff's breach of its fiduciary duties in
respect of profits that the Plaintiff, Jaldhi, would have earned in connection
with the charter of at least two vessels, which were chartered in by the
plaintiff in the name of the defendant without it's consent and /or authority,
i.e. The M/V POS FREEDOM and The M/V MEDI SHANGHAI, that the
Plaintiff, RM Martin, admittedly chartered in the name of the defendant
without the defendant's consent or knowledge, with said loss of profits
being in the amount of $773,549.74 as calculated with reference to profits
that Jaldhi made operating similar vessels, carrying similar cargoes during
the same period of time.

11

43.     In addition to the damages set forth in paragraph 42, the Defendant will further seek damages from the Plaintiff RM Martin, by way of counterclaim, for any losses occasioned by the Plaintiff's failure to remit hire and/or freight in connection with other vessels, i.e. The M/V GOLDEN HOPE and The MARJATTA P, in the specific amount of $551,736.68 and possibly other vessels following a complete review of the accounting records to be provided by the Plaintiff RM Martin.

44.     In addition to the damages set forth in paragraphs 42 and 43, the Defendant will further seek damages from the Plaintiff RM Martin, way of counterclaim, for any losses occasioned by the Plaintiff in connection with the issuance of unauthorized Letters of Indemnity and the losses occasioned by the Plaintiff's disclosure of confidential information.

45.     Separate and apart from the claim for loss of profits in connection with The M/V POS FREEDOM and The M/V MEDI SHANGHAI and the other damages set forth in paragraphs 42 to 44, the Defendant Jaldhi maintains that, as a matter of law, it is entitled to recover the return of any compensation paid to the Plaintiff, RM Martin, during the term of the Plaintiff's breach of the management agreement and disloyalty beginning as of January 1, 2007, which amount is calculated to be $1,610,179.00.

12

46.     At the present time, the damages referred to in paragraphs 42 to 44 herein, save for the specific damages alleged, cannot be further quantified with any reasonable certainty and, therefore, the Defendant Jaldhi specifically reserves its right to amend this counterclaim against the Plaintiff, RM Martin, as and when such additional damages become quantifiable.

47.     Furthermore, the Defendant Jaldhi reserves its right to amend this counterclaim against the Plaintiff, RM Martin, to include a claim for punitive damages which may be recoverable in proceedings now ongoing in The High Court of the Republic of Singapore.

48.     Finally, interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to Singaporean law.

49.     As best as now can be estimated, the Defendant expects to recover interest on its counterclaim at a rate of 5.3%, which calculated for three years, amounts to $446,739.46.

50.     The Defendant expects to recover costs in the amount of $250,000.00 and an award for litigation fees in the amount of $35,000.00 by The High Court of The Republic of Singapore.

**WHEREFORE,** Defendant JALDHI OVERSEAS PTE. LTD. demands judgment:

13

a) Dismissing the Complaint herein, together with costs and disbursements of this action;

b) An Order vacating the Writ of Attachment and Garnishment issued against the property of the Defendant JALDHI;

c) An Order directing all garnishees holding property of the Defendant JALDHI to release said property to the Order of JALDHI; or, in the alternative,

d) In the event this Honorable Court does not vacate the Writ of Attachment and Garnishment against the property of the Defendant, JALDHI, then the Honorable Court should enter an Order pursuant to Supplemental Rule E(7)(a) directing Plaintiff RM MARTIN to post US$3,687,207.80 as counter-security in favor of Defendant, JALDHI, for the above stated counterclaim;

e) An Order awarding Defendant JALDHI its legal expenses and attorneys fees incurred in defending the present action; and,

f) Such other, additional and further relief as the Court may deem to be just and proper in the circumstances of this case.

Dated: Port Washington, New York
September 18, 2007

CHALOS O'CONNOR & DUFFY
Attorneys for Defendant,
JALDHI OVERSEAS PTE. LTD.

By:

Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel:    516-767-3600
Telefax: 516-767-3605
Email: ofd@codus-law.com

14

To:    <u>Via ECF</u>
       Lennon, Murphy & Lennon, LLC
       Attorneys for the Plaintiff,
       TANG KHEOK HWA ROSEMARY d/b/a
       R M MARTIN SUPPLIES AND SERVICES,
       420 Lexington Avenue, Suite 300
       New York, NY 10170

       Attn:   Patrick F. Lennon, Esq.
               Nancy R. Peterson, Esq.

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
JALDHI OVERSEAS PTE. LTD.
366 Main Street
Port Washington, New York 110050
Telephone:    516-767-3600
Telefax:        516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TANG KHEOK HWA ROSEMARY d/b/a         :
R M MARTIN SUPPLIES AND SERVICES,     :
                                       :
                        Plaintiff,     :       07 CV 7498 (CM)
                                       :
        - against -                    :       **VERIFICATION**
                                       :
                                       :
JALDHI OVERSEAS PTE. LTD.,             :
                                       :
                        Defendants.    :
                                       :
-----------------------------------------------------------x

STATE OF NEW YORK       :
                        : ss.
COUNTY OF NASSAU        :

        BEFORE ME, the undersigned authority, personally came and appeared Owen F.
Duffy, who, after being duly sworn, did depose and state:

        That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for
the Defendant, JALDHI OVERSEAS PTE. LTD. (hereinafter "JALDHI"), herein;

        That he has read the foregoing Answer with Affirmative Defenses and
Counterclaim and knows the contents thereof; and

That he believes the matters to be true based on documents and information obtained from employees and representatives of the Defendant JALDHI through its agents, underwriters and attorneys.

The reason that this verification was made by deponent and not by the Defendant JALDHI is because Defendant JALDHI is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
      September 18, 2007

<div style="margin-left: 40%;">

CHALOS, O'CONNOR & DUFFY
Attorneys for Defendant,
JALDHI OVERSEAS PTE. LTD.

By: _____

Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Telephone: 516-767-3600
Telefax:    516-767-3605

</div>

Subscribed and sworn to before me this
September 18, 2007

_____
Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

To:    Via ECF
       Lennon, Murphy & Lennon, LLC
       Attorneys for the Plaintiff,
       TANG KHEOK HWA ROSEMARY d/b/a
       R M MARTIN SUPPLIES AND SERVICES,
       420 Lexington Avenue, Suite 300
       New York, NY 10170

       Attn:   Patrick F. Lennon, Esq.
               Nancy R. Peterson, Esq.

# EXHIBIT 3

```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____             │
│ DATE FILED:   8/29/07            │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

TANG KHEOK HWA ROSEMARY d/b/a                    :
R M MARTIN SUPPLIES AND SERVICES.,               :
                                                 :       07 Civ. 7498 (CM)
                                                 :
                            Plaintiff,           :       ECF CASE
                                                 :
      - against -                                :       EX-PARTE ORDER
                                                 :       FOR PROCESS
JALDHI OVERSEAS PTE LTD.,                         :       OF MARITIME
                                                 :       ATTACHMENT
                            Defendant.           :
-----------------------------------------------------------X

        WHEREAS, on August 24, 2007 Plaintiff, TANG KHEOK HWA ROSEMARY d/b/a R M

MARTIN SUPPLIES AND SERVICES, filed a Verified Complaint herein for damages amounting to

**$884,165.85** inclusive of interest, costs and reasonable attorney's fee, and praying for the issuance of

Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty

Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

        **WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the

United States Marshal or other designated process server attach any and all of the Defendant's

property within the District of this Court; and

        **WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting Affidavit,

and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

        **NOW**, upon motion of the Plaintiff, it is hereby:

        **ORDERED**, that pursuant to Rule B of the Supplemental Rules for Certain Admiralty and

Maritime Claims, the Clerk of Court shall issue Process of Maritime Attachment and Garnishment

against all tangible or intangible property, credits, letters of credit, bills of lading, effects, debts and

monies, electronic funds transfers, freights, sub-freights, charter hire, sub charter hire or any other

funds or property up to the amount of **$884,165.85** belonging to, due or being transferred to, from or

Aug. 29. 2007  2:2 PM    Lennon, Murphy & Lennon L.C                  No. 1418   P. 2

for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name(s), or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, or later identified, on whom a copy of the Process of Maritime Attachment and Garnishment may be served; and it is

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the U.S. Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed to be effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service, and such service is further deemed to be effective through the end of the next business day, provided that another service is made the next business day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means.

Dated: August 27, 2007

SO ORDERED:

_(signature)_

S.D.N.Y.

# EXHIBIT 4

ECF

# U.S. District Court
# United States District Court for the Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:07-cv-07498-CM

Rosemary v. Jaldhi Overseas Pte Ltd.
Assigned to: Judge Colleen McMahon
Demand: $900,000
Cause: 28:1333 Admiralty

Date Filed: 08/24/2007
Jury Demand: None
Nature of Suit: 120 Contract: Marine
Jurisdiction: Federal Question

## Plaintiff

**Tang Kheok HWA Rosemary**
*doing business as*
R M Martin Supplies and Services

represented by **Tang Kheok HWA Rosemary**
PRO SE

V.

## Defendant

**Jaldhi Overseas Pte Ltd.**

represented by **Owen Francis Duffy, III**
Chalos, O'Connor & Duffy, LLP
366 Main Street
Port Washington, NY 11050-3120
(516)767-3600
Fax: (516)767-3605
Email: ofd@codus-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Counter Claimant

**Jaldhi Overseas Pte Ltd.**

represented by **Owen Francis Duffy, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

## Counter Defendant

**Tang Kheok HWA Rosemary**

represented by **Tang Kheok HWA Rosemary**
(See above for address)
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 08/24/2007 | 1 | COMPLAINT against Jaldhi Overseas Pte Ltd. (Filing Fee $ 350.00, Receipt Number 625412)Document filed by Tang Kheok HWA Rosemary.(laq) Additional attachment(s) added on 8/28/2007 (Becerra, Maribel). (Entered: 08/28/2007) |
| 08/24/2007 | | SUMMONS ISSUED as to Jaldhi Overseas Pte Ltd. (laq) (Entered: 08/28/2007) |
| 08/24/2007 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Tang Kheok HWA Rosemary.(laq) (Entered: 08/28/2007) |

| | | |
|---|---|---|
| 08/24/2007 | | Magistrate Judge Michael H. Dolinger is so designated. (laq) (Entered: 08/28/2007) |
| 08/24/2007 | | Case Designated ECF. (laq) (Entered: 08/28/2007) |
| 08/29/2007 | 3 | AFFIDAVIT of Nancy Peterson in Support. Document filed by Tang Kheok HWA Rosemary. (Peterson, Nancy) (Entered: 08/29/2007) |
| 08/29/2007 | 4 | ORDER APPOINTING PROCESS SERVER PURSUANT TO F.R.C.P. RULE 4(C): It is hereby ordered that Patrick F. Lennon, Charles E. Murphy, Nancy Peterson or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC., or any process server employed by Gotham Process server employed by Gotham Process Servers, be and is hereby appointed, in addition to the United States Marshal to serve the Process of Maritime Attachment and Garnishment... So Ordered. (Signed by Judge Colleen McMahon on 8/27/07) (js) (Entered: 08/30/2007) |
| 08/29/2007 | 5 | EX-PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT: directing the clerk to issue Maritime Attachment and Garnishment against all tangible and intangible property belonging to, claimed by or being held by defendant(s)or any garnishees in the amount of $884,165.85. So Ordered. (Signed by Judge Colleen McMahon on 8/27/07) (js) (Entered: 08/30/2007) |
| 08/29/2007 | | MARITIME ATTACHMENT AND GARNISHMENT ISSUED as to Jaldhi Overseas Pte Ltd. on 8/29/07 in the amount of $884,165.85. (dle) (Entered: 08/31/2007) |
| 09/04/2007 | 6 | ORDER APPOINTING SPECIAL PROCESS SERVER PURSUANT TO FRCP RULE 4(c): Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy Peterson or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC or any other process server employed by Gotham Process Servers is appointed to serve the complaint, process of maritime attachment and garnishment, together with interrogatories upon the garnishee(s) listed in the order, together with any other garnishee(s) who may hold assets for or on account of the defendant. (Signed by Judge Colleen McMahon on 8/27/07) (kco) (Entered: 09/04/2007) |
| 09/04/2007 | 10 | EX PARTE ORDER for process of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of Court shall issue Process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, etc. or any other funds of property up to the amount of $884,165.85 belonging to, due or being transferred to, from or for the benefit of the Defendant, including but not limited but not limited to such property as may be held, received or transferred in Defendant's name(s), or as may be held, received or transferred for its benefit at, moving though, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, or later identified, on whom a copy of the Process of Maritime Attachment and Garnishment may be served. Supplemental process enforcing the Court's Order may be issued by the Clerk upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee. Pursuant to F.R.C.P. 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means. So Ordered. (Signed by Judge Colleen McMahon on 8/27/07) (jco) (Entered: 09/17/2007) |
| 09/07/2007 | 7 | EX-PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT: the Clerk of Court shall issue process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, bills of lading, effects, debts and monies, electronic funds transfers, freights, sub-freights, charter hire, subcharter hire or any other funds or property up to the amount of $799,969.81 belonging to, due or being transferred to, from of for the benefit of the defendant, including but not limited to such property as |

| | | |
|---|---|---|
| | | may be held, received or transferred in defendant's name or as may be held, received or transferred for its benefit at, moving through, or with the possession, custody or control of banking financial institutions and/or other institutions or such garnishees to be named on whom a copy of the process of maritime attachment and garnishment may be served. Supplemental process enforcing the Court's order may be issued by the Clerk upon application without further order of the Court. (Signed by Judge Colleen McMahon on 9/7/07) (kco) (Entered: 09/07/2007) |
| 09/07/2007 | | MARITIME ATTACHMENT AND GARNISHMENT ISSUED as to Jaldhi Overseas Pte Ltd. on 9/7/07 in the amount of $799,696.81. (kco) (Entered: 09/07/2007) |
| 09/12/2007 | 8 | ORDER SCHEDULING AN INITIAL PRETRIAL CONFERENCE: Initial Conference set for 10/11/2007 at 02:30 PM in Courtroom 21B, 500 Pearl Street, New York, NY 10007 before Judge Colleen McMahon. (Signed by Judge Colleen McMahon on 9/11/07) (kco) (Entered: 09/12/2007) |
| 09/12/2007 | 9 | EX-PARTE ORDER for PROCESS of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of Court shall issue Process of Maritime Attachment and Garnishment against all tangible and intangible property, credits, letters of credit, bills of lading, etc. or any other funds or property up to the amount of $682,636.88 belonging to, due or being transferred to, from or for the benefit of the defendant, including but not limited to such property as may be held, received or transferred in Defendant's name(s), or an may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, or later identified, on whom a copy of the Process of Maritime Attachment and Garnishment may be served. Supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court. Pursuant to F.R.C.P. 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means. So Ordered. (Signed by Judge Colleen McMahon on 9/12/07) (jco) (Entered: 09/13/2007) |
| 09/18/2007 | 11 | NOTICE OF APPEARANCE by Owen Francis Duffy, III on behalf of Jaldhi Overseas Pte Ltd. (Duffy, Owen) (Entered: 09/18/2007) |
| 09/18/2007 | 12 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Jaldhi Overseas Pte Ltd..(Duffy, Owen) (Entered: 09/18/2007) |
| 09/18/2007 | 13 | ANSWER to Complaint., COUNTERCLAIM against Tang Kheok HWA Rosemary. Document filed by Jaldhi Overseas Pte Ltd..(Duffy, Owen) (Entered: 09/18/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/24/2007 17:45:06 | | | |
| PACER Login: | fr0689 | Client Code: | 500100-024-gem |
| Description: | Docket Report | Search Criteria: | 1:07-cv-07498-CM |
| Billable Pages: | 2 | Cost: | 0.16 |

# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

TANG KHEOK HWA ROSEMARY d/b/a
R M MARTIN SUPPLIES AND SERVICES.,

                           Plaintiff,

    - against -

JALDHI OVERSEAS PTE LTD.,

                        Defendant.

----------------------------------------------------------X

07 Civ. 7498 (CM)

ECF CASE

**EX-PARTE ORDER
FOR PROCESS
OF MARITIME
ATTACHMENT**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

       WHEREAS, on August 24, 2007 Plaintiff, TANG KHEOK HWA ROSEMARY d/b/a R M

MARTIN SUPPLIES AND SERVICES, filed a Verified Complaint herein for damages amounting to

**$799,969.81** inclusive of interest, costs and reasonable attorney's fee, and praying for the issuance of

Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty

Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

       **WHEREAS,** the Process of Maritime Attachment and Garnishment would command that the

United States Marshal or other designated process server attach any and all of the Defendant's

property within the District of this Court; and

       **WHEREAS,** the Court has reviewed the Verified Complaint and the Supporting Affidavit,

and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

       **NOW,** upon motion of the Plaintiff, it is hereby:

       **ORDERED,** that pursuant to Rule B of the Supplemental Rules for Certain Admiralty and

Maritime Claims, the Clerk of Court shall issue Process of Maritime Attachment and Garnishment

against all tangible or intangible property, credits, letters of credit, bills of lading, effects, debts and

monies, electronic funds transfers, freights, sub-freights, charter hire, sub charter hire or any other

funds or property up to the amount of **$799,969.81** belonging to, due or being transferred to, from or

for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name(s), or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, or later identified, on whom a copy of the Process of Maritime Attachment and Garnishment may be served; and it is

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the U.S. Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed to be effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service, and such service is further deemed to be effective through the end of the next business day, provided that another service is made the next business day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means.

Dated: September 7, 2007

SO ORDERED:

_____
S.D.N.Y.

# EXHIBIT 6

# LENNON, MURPHY & LENNON, LLC – *Attorneys at Law*

The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
*phone* (212) 490-6050
*fax* (212) 490-6070

Patrick F. Lennon - *pfl@lenmur.com*
Charles E. Murphy – *cem@lenmur.com*
Kevin J. Lennon – *kjl@lenmur.com*
Nancy R. Peterson - *nrp@lenmur.com*

Tide Mill Landing
2425 Post Road
Southport, CT 06890
*phone* (203) 256-8600
*fax* (203) 256-8615

September 12, 2007

***By Facsimile (212) 805-6326***
Hon. Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 640
New York, New York 10007-1312

Re:   **TANG KHEOK HWA ROSEMARY d/b/a R M MARTIN SUPPLIES AND
       SERVICES v. JALDHI OVERSEAS PTE LTD.**
       Docket Number: 07 Civ. 7498 (CM)
       LML Reference Number: 1208

Dear Judge McMahon,

        We represent the Plaintiff, Tang Kheok Hwa Rosemary d/b/a R M Martin Supplies and
Services, in the above captioned matter. We write to update the Court on recent developments
and to request that the Court issue an updated Amended Ex-Parte Order of Maritime Attachment
and Garnishment in the instant matter.

        On August 24, 2007, we applied for an Ex-Parte Order of Maritime Attachment pursuant
to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in the
amount of $884,165.85. This Order was executed by the Court on August 29, 2007.

        Subsequent to the filing of the attachment, we were informed that the Defendant paid
$72,589.05 to the Plaintiff in regards to this matter. Therefore, Plaintiff wrote to the Court and
requested a reduced Order in the amount of $799,969.81. An Amended Order was issued on
September 7, 2007, however in light of the information below, an updated Amended Order
should be issued to reflect the current status of the underlying claim.

        Particularly, we were just informed that Plaintiff received further funds in the total
amount of $101,157.80 which were set-off against the sums due and owing to it from Defendant.

        In light of the foregoing, Plaintiff's principal claim is now reduced to $450,587.88, and
its claim for interest is reduced to $72,049.00. The estimated attorneys fees and litigation costs
remain the same; $125,000.00 and $35,000.00 respectively.

Therefore, by this letter we request that your Honor issue an updated Amended Ex-Order of Maritime Attachment and Garnishment reducing the amount subject to attachment to **$682,636.88.** Please find attached to this letter a proposed Amended Ex-Parte Order for your Honor's review.

Funds in the amount of $799,969.81 were attached at J.P. Morgan Chase pursuant to the Ex-Parte Order(s) of Attachment, and a cease and desist letter has been sent to all garnishees served, instructing them to refrain from attaching further funds. We have already instructed J.P. Morgan Chase to release the difference between the new amount requested and the $799,969.81 held ($117,332.93).

Defendant has not made an appearance. However, we have been contacted by Owen F. Duffy, of Chalos, O'Conner and & Duffy, who has indicated that he is representing Jaldhi in this matter. He is copied on this letter.

Once the Order is signed, if you could please hold the original and have our office contacted, it would be much appreciated. The original signed order must be brought to document processing to obtain the corresponding Writ of Maritime Attachment.

We are available to discuss the matter raised herein at your Honor's convenience.

Respectfully Submitted

Nancy R. Peterson

Cc.:   *Via Facsimile (516) 767-3605*
       Owen F. Duffy

2

# EXHIBIT 7

US SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED  9/12/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

TANG KHEOK HWA ROSEMARY d/b/a
R M MARTIN SUPPLIES AND SERVICES.,

                              Plaintiff,

          - against -

JALDHI OVERSEAS PTE LTD.,

                              Defendant.
-----------------------------------------------------------------X

07 Civ. 7498 (CM)

ECF CASE

**EX-PARTE ORDER
FOR PROCESS
OF MARITIME
ATTACHMENT**

WHEREAS, on August 24, 2007 Plaintiff, TANG KHEOK HWA ROSEMARY d/b/a R M

MARTIN SUPPLIES AND SERVICES, filed a Verified Complaint herein for damages amounting to

**$682,636.88** inclusive of interest, costs and reasonable attorney's fee, and praying for the issuance of

Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty

Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

WHEREAS, the Process of Maritime Attachment and Garnishment would command that the

United States Marshal or other designated process server attach any and all of the Defendant's property

within the District of this Court; and

WHEREAS, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the

conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

NOW, upon motion of the Plaintiff, it is hereby:

ORDERED, that pursuant to Rule B of the Supplemental Rules for Certain Admiralty and

Maritime Claims, the Clerk of Court shall issue Process of Maritime Attachment and Garnishment against

all tangible or intangible property, credits, letters of credit, bills of lading, effects, debts and monies,

electronic funds transfers, freights, sub-freights, charter hire, sub charter hire or any other funds or property

up to the amount of **$682,636.88** belonging to, due or being transferred to, from or for the benefit of the

Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name(s), or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, or later identified, on whom a copy of the Process of Maritime Attachment and Garnishment may be served; and it is

ORDERED that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

ORDERED that following initial service by the U.S. Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

ORDERED that service on any garnishee as described above is deemed to be effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service, and such service is further deemed to be effective through the end of the next business day, provided that another service is made the next business day; and it is further

ORDERED that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means.

Dated: September /2007

SO ORDERED:

_____
U.S.D.J.

# EXHIBIT 8

Case No. : S580/2007/N
Date of Filing : 11/09/2007
Time of Filing : 19:06:01
Doc Control No. : 1691669/K

**IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE**

Between

TANG KHEOK HWA ROSEMARY (NRIC NO. S0194889Z) TRADING AS R M MARTIN SUPPLIES AND SERVICES
RC No. 35970000D

...Plaintiff(s)

And

JALDHI OVERSEAS PTE. LTD.
RC No. 200414910Z

...Defendant(s)

Mrs Koh Juat Jong
Registrar
Supreme Court
Singapore

HARIDASS HO & PARTNERS '07 SEP 12 15:55 RECEIVED

**WRIT OF SUMMONS**

YAP FOOK KEN @KENNY YAP
KIMARIE CHEANG XIAO PIN (ZHENG XIAO PIN)
ALLEN & GLEDHILL LLP
ONE MARINA BOULEVARD
#28-00
SINGAPORE 018989
TEL:6568907188
FAX:6563273800
Ref: 2007008436/YFK/LCXP

Filed this 11th day of September 2007

**WRIT OF SUMMONS**

**IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE**

Suit No. 580 of 2007/ N

Between

**TANG KHEOK HWA ROSEMARY**
(NRIC No S0194889Z) trading as
**R M MARTIN SUPPLIES AND SERVICES**
(RB No. 35970000D)

.. Plaintiffs

And

**JALDHI OVERSEAS PTE. LTD.**
(RC No. 200414910Z)

.. Defendants

To:   THE DEFENDANTS
**JALDHI OVERSEAS PTE. LTD.**
a company incorporated in Singapore and having its registered office at
101 Cecil Street #19-03 Tong Eng Building Singapore 069533

**THIS WRIT OF SUMMONS** has been issued against you by the abovenamed Plaintiffs in respect of the claim endorsed herein. Within eight (8) days after the service of this Writ on you, you must either satisfy the claim or cause an appearance to be entered for you using the electronic filing service and in default of your so doing the Plaintiffs may proceed with the action and judgment may be entered against you without further notice.

**1 1 SEP 2007**

Dated this        day of        2007.

A

*Solicitors for the Plaintiffs.*

*Registrar*

*Supreme Court,*

*Singapore*

This Writ may not be served more than 6 calendar months after the above date unless renewed by order of the Court.

The Defendants may enter an appearance either personally or by a solicitor at the Registry of the Supreme Court.

2

## INDORSEMENT OF CLAIM

The Plaintiffs' claim is for:-

1.  The sum of US$450,587.88 being the unpaid balance of fees for management services rendered and/or provided and/or supplied by the Plaintiffs to the Defendants, their servants or agents from around January 2007 to around June 2007, pursuant to an agreement or agreements made between the Plaintiffs and the Defendants and/or at the Defendants' requests and/or order and/or accepted by the Defendants, their servants or agents, particulars of which are set out in Annex A;

2.  Further or alternatively, damages for breach and/or wrongful termination and/or repudiation of the agreement or agreements made between the Plaintiffs and the Defendants;

3.  Interest thereon;

4.  Costs; and

5.  Such further and other relief that this Honourable Court may deem fit.

**ANNEX A**

| Invoice Date | Invoice No. | Vessel | Due Date | Amount (USD) |
|---|---|---|---|---|
| 01/03/2007 | TC035-07 | MV JIN LI | 15/03/2007 | 18,437.50 |
| 01/03/2007 | TC036-07 | MV ETERNAL POWER | 15/03/2007 | 16,800.00 |
| 02/03/2007 | TC037-07 | MV AMIRA | 15/03/2007 | 25,625.00 |
| 02/03/2007 | TC038-07 | MV RELIANCE OCEAN | 15/03/2007 | 15,781.25 |
| 06/03/2007 | TC039-07 | MV IKAN KERAPU | 15/03/2007 | 26,562.50 |
| 07/03/2007 | TC040-07 | MV GOLDEN WISH | 15/03/2007 | 19,375.00 |
| 13/03/2007 | TC042-07 | MV GOLDEN HOPE | 15/03/2007 | 12,500.00 |
| 13/03/2007 | TC043-07 | MV BAYTUR | 15/03/2007 | 22,500.00 |
| 14/03/2007 | TC044-07 | MV ATHOS | 15/03/2007 | 17,687.50 |
| 14/03/2007 | TC045-07 | MV FAIR SKY | 15/03/2007 | 21,093.75 |
| 14/03/2007 | TC046-07 | MV IRIS HALO | 15/03/2007 | 24,218.75 |
| 30/04/2007 | TC071-07 | MV MARITIME LIJIANG | 15/05/2007 | 25,000.00 |
| 03/05/2007 | TC072-07 | MV SOPHIA | 15/05/2007 | 17,281.25 |
| 08/05/2007 | TC073-07 | MV ETERNAL POWER | 15/05/2007 | 7,470.00 |
| 08/05/2007 | TC074-07 | MV ETERNAL POWER | 15/05/2007 | 16,200.00 |
| 14/05/2007 | TC077-07 | MV HARMONIC PROGRESS | 15/05/2007 | 20,500.00 |
| 14/05/2007 | TC078-07 | MV OCEAN SYMPHONY | 15/05/2007 | 17,590.42 |
| 17/05/2007 | TC079-07 | MV KATERINA | 30/05/2007 | 18,750.00 |
| 21/05/2007 | TC081-07 | MV FURNESS LONDON | 30/05/2007 | 20,868.03 |
| 21/05/2007 | TC082-07 | MV CK GLORY | 30/05/2007 | 18,906.25 |

| 24/05/2007 | TC085-07 | MV HARDWAR | 30/05/2007 | 16,064.37 |
|---|---|---|---|---|
| 28/05/2007 | TC087-07 | MV IKAN SUJI | 30/05/2007 | 24,375.00 |
| 30/05/2007 | TC089-07 | MV ETERNAL POWER | 15/06/2007 | 14,703.75 |
| 05/06/2007 | TC091-07 | MV OCEAN PRELUDE | 16/06/2007 | 29,678.99 |
| 05/06/2007 | TC092-07 (Rev 1) | MV HERON | 16/06/2007 | 22,410.16 |
| 06/06/2007 | TC093-07 | MV YASA AYSEN | 16/06/2007 | 27,816.95 |
| 21/06/2007 | TC100-07 | MV IKAN SEMBAK | 30/06/2007 | 30,625.00 |
| 21/06/2007 | TC101-07 | MV MICHELE BOTTIGLIERI | 30/06/2007 | 33,206.88 |
| 28/06/2007 | TC103-07 | MV ALAM MANIS | 30/06/2007 | 32,500.00 |
| 28/06/2007 | TC104-07 | MV SUNNY GLORY | 30/06/2007 | 25,312.50 |
| 29/06/2007 | TC105-07 | MV FIRST TRADER | 30/06/2007 | 32,812.50 |
| Sub-Total | | | | 672,653.30 |
| Less amount received on 4 July 2007 | | | | (48,318.57) |
| Less amount received on 29 August 2007 | | | | (72,589.05) |
| Less amount received in respect of balance 5% freight for MV GOLDEN HOPE and MV MARJATTA P | | | | (101,157.80) |
| Total | | | | 450,587.88 |

5

This writ is issued by Allen & Gledhill LLP of One Marina Boulevard #28-00 Singapore 018989 solicitors for the said Plaintiffs whose address is 35 Burghley Drive, Serangoon Garden Estate, Singapore 559013.

This writ was served by                        by way of personal service (or as may be) on the Defendant (who is known to me) (or who was pointed out to me by ) (or who admitted to me that he was                        ) at on the        day of        2007.

Endorsed this        day of        2007.

*Process server.*

# EXHIBIT 9

# IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Suit No. 580      )
of 2007/N       )

Between

**TANG KHEOK HWA ROSEMARY**
(NRIC No. S0194889Z), trading as
**R M MARTIN SUPPLIES AND SERVICES**
(RB No. 35970000D)

... Plaintiffs

And

**JALDHI OVERSEAS PTE. LTD.**
(Registration No. 200414910Z)

... Defendants

## MEMORANDUM OF APPEARANCE

To the Registrar

Enter appearance for **JALDHI OVERSEAS PTE. LTD.**, the abovenamed Defendants in this action.

Dated this 12th day of September 2007

_(signature)_

**M/S HARIDASS HO & PARTNERS**
**SOLICITORS FOR THE DEFENDANTS**

The place of business of M/s Haridass Ho & Partners is 24 Raffles Place, #18-00 Clifford Centre, Singapore 048621.

Their address for service is 24 Raffles Place, #18-00 Clifford Centre, Singapore 048621.

The said Defendants require a statement of claim to be filed and delivered.

To the Plaintiffs' solicitors
M/s Allen & Gledhill LLP
One Marina Boulevard
#28-00 Singapore 018989
(Ref: YFK/2007008436)

# EXHIBIT 10

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
JALDHI OVERSEAS PTE. LTD.
366 Main Street
Port Washington, New York 110050
Telephone:     516-767-3600
Telefax:        516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
TANG KHEOK HWA ROSEMARY d/b/a          :
R M MARTIN SUPPLIES AND SERVICES,      :
                                       :
                    Plaintiff,          :          07 CV 7498 (CM)
                                       :
        - against -                     :          **NOTICE OF RESTRICTED**
                                       :          **APPEARANCE PURSUANT**
                                       :          **TO FED. R. CIV. P.**
                                       :          **E(8) OF THE**
JALDHI OVERSEAS PTE. LTD.,              :          **SUPPLEMENTAL**
                                       :          **RULES FOR CERTAIN**
                    Defendants.         :          **ADMIRALTY AND**
                                       :          <u>**MARITIME CLAIMS**</u>
                                       :
----------------------------------------------------------x

        PLEASE TAKE NOTICE, that Chalos, O'Connor & Duffy LLP has been retained by the

Defendant, JALDHI OVERSEAS PTE. LTD., to represent said Defendant in the above-

entitled action, and Chalos, O'Connor & Duffy LLP hereby demands that copies of all

proceedings in this action subsequent to the Summons and Complaint be served upon Chalos,

O'Connor & Duffy LLP at its office as listed below.

        PLEASE TAKE FURTHER NOTICE, that Defendant JALDHI OVERSEAS PTE.

LTD., by its attorneys, Chalos, O'Connor & Duffy LLP, hereby enters a restrictive appearance

on behalf of said Defendants pursuant to Rule E(8), of the Fed. R. Civ. P. Supplementary

Rules for Admiralty and Maritime Claims solely to defend against the alleged admiralty and

maritime claim asserted by Plaintiff TANG KHEOK HWA ROSEMARY d/b/a R M

MARTIN SUPPLIES AND SERVICES with respect to money, funds and EFT payments

restrained by garnishees named in the Process of Maritime Attachment and Garnishment

issued in this matter and any other or supplemental garnishees who may restrain the property

of Defendant JALDHI OVERSEAS PTE. LTD. and as to which there has issued Process of

Maritime Attachment and Garnishment.


Dated: Port Washington, New York
       September 18, 2007

                             CHALOS O'CONNOR & DUFFY, LLP
                             Attorneys for Defendant
                             JALDHI OVERSEAS PTE. LTD.

By:

                             Owen F. Duffy (OD-3144)
                             George E. Murray (GM-4172)
                             366 Main Street
                             Port Washington, New York
                             11050
                             Tel:    516-767-3600
                             Telefax: 516-767-3605
                             Email: ofd@codus-law.com

To:    Via ECF
        Clerk of the Court
        United States District Court
        Southern District of New York
        500 Pearl Street
        New York, NY 10007

To:    Via ECF
        Lennon, Murphy & Lennon, LLC
        Attorneys for the Plaintiff,
        TANG KHEOK HWA ROSEMARY d/b/a
        R M MARTIN SUPPLIES AND SERVICES
        420 Lexington Ave., Suite 300
        New York, NY 10170

        Attn:  Patrick F. Lennon, Esq.
               Nancy R. Peterson, Esq.