UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TANG KHEOK HWA ROSEMARY d/b/a
R M MARTIN SUPPLIES AND SERVICES,

               Plaintiff,                       07 Civ. 7498 (CM)

   - against -                                 ECF CASE

JALDHI OVERSEAS PTE LTD.,

               Defendant.
------------------------------------------------------------X

## ANSWER TO COUNTERCLAIMS WITH AFFIRMATIVE DEFENSES

Plaintiff, TANG KHEOK HWA ROSEMARY d/b/a R M MARTIN SUPPLIES AND SERVICES, by and through its undersigned counsel, Lennon, Murphy & Lennon, LLC, answering the allegations set forth in Defendant's Answer with Affirmative Defenses and Counterclaim alleges, upon information and belief, as follows:

1. In so much as Defendant repeats and realleges each and every allegation in the Answer in paragraph "29" of the Answer with Affirmative Defenses and Counterclaim, Plaintiff repeats and realleges each and every allegation made in the Verified Complaint with the same force and effect as if fully set forth therein.

2. Admits that Defendant is engaged in the chartering business. Except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph "30" of the Answer with Affirmative Defenses and Counterclaim.

3. Denies that the agreement between the parties was entered into in or about late

2004/early 2005. The oral agreement was made in June of 2004. Except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph "31" of the Answer with Affirmative Defenses and Counterclaim.

4.  Denies the allegations contained in paragraph "32" of the Answer with Affirmative Defenses and Counterclaim.

5.  Denies the allegations contained in paragraph "33" of the Answer with Affirmative Defenses and Counterclaim.

6.  Admits that funds were received into Plaintiff's account, but this was only done at at the charterers request and with Defendant's consent. Except as so admitted, denies the remaining allegations set forth in paragraph "34" of the Answer with Affirmative Defenses and Counterclaim.

7.  Denies the allegations contained in paragraph "35" of the Answer with Affirmative Defenses and Counterclaim.

8.  Denies the allegations contained in paragraph "36" of the Answer with Affirmative Defenses and Counterclaim.

9.  Denies the allegations contained in paragraph "37" of the Answer and Affirmative Defenses and Counterclaim.

10. Admits that agreement was terminated on June 26, 2007. Except as so admitted, denies the remaining allegations set forth in paragraph "38" of the Answer with Affirmative Defenses and Counterclaim.

11. Admits that proceedings were commenced in the High Court of the Republic of Singapore. Denies that Plaintiff is proceeding on a claim therein for wrongful termination. When Plaintiff commenced the Singapore action, it alleged an alternative cause of action based

on wrongful termination. However, when the statement of claim was filed, this alternative claim was dropped.

12.     Admits that Plaintiff is seeking to recover damages in the principal amount of $450,587.88.

13.     Admits that Defendant has made an appearance in the Singaporean action. Except as so admitted, denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph "41" of the Answer with Affirmative Defenses and Counterclaim.

14.     Denies the allegations contained in paragraph "42" of the Answer with Affirmative Defenses and Counterclaim.

15.     Denies the allegations contained in paragraph "43" of the Answer with Affirmative Defenses and Counterclaim.

16.     Denies the allegations contained in paragraph "44" of the Answer with Affirmative Defenses and Counterclaim.

17.     Denies the allegations contained in paragraph "45" of the Answer with Affirmative Defenses and Counterclaim.

18.     Denies the allegations contained in paragraph "46" of the Answer with Affirmative Defenses and Counterclaim and demands that Defendant immediately quantify its counterclaims with great specificity.

19.     Denies the allegations contained in paragraph "47" of the Answer with Affirmative Defenses and Counterclaim. Punitive damages are not recoverable under Singaporean law.

20.     Admits the allegations contained in paragraph "48" of the Answer with

Affirmative Defenses and Counterclaim.

21.    Denies the allegations contained in paragraph "49" of the Answer and Affirmative Defenses and Counterclaim as Defendant's counterclaims are legally and factually unsound and thus no interest will be awarded.

22.    Denies the allegations contained in paragraph "50" of the Answer and Affirmative Defenses and Counterclaim as Defendant's counterclaims are legally and factually unsound and thus no litigation fees or costs will be awarded.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Answer with Affirmative Defenses and Counterclaim fails to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

Defendant is not liable to Plaintiff on the causes of action alleged in the Answer with Affirmative Defenses and Counterclaim.

### Third Affirmative Defense

This Court lacks jurisdiction over this dispute.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of laches.

### Sixth Affirmative Defense

Any damages sustained by the Plaintiff, as alleged in the Answer with Affirmative Defenses and Counterclaim were proximately, directly or solely caused by the negligent acts of third persons whom Plaintiff had and has no direction or control.

### Seventh Affirmative Defense

Any damages that may have been sustained by Defendant, as alleged in the Answer with Affirmative Defenses and Counterclaim, occurred as a direct result of Defendant's own negligent conduct, and not by any negligence of Plaintiff and as such Defendant is barred from recovery in this action.

### Eighth Affirmative Defense

Defendant is guilty of culpable conduct in the events giving rise to the claims now asserted in Defendant's Answer with Affirmative Defenses and Counterclaim, and its recovery, if any, must be diminished in proportion thereto.

### Ninth Affirmative Defense

Plaintiff has failed to mitigate its damages.

### Tenth Affirmative Defense

This Answer to Counterclaim is made without waiver of any jurisdictional defenses or rights to litigate that may exist between the parties.

### Eleventh Affirmative Defense

The claims for which countersecurity is sought are contingent, unaccrued, premature and/or not ripe for adjudication and should result in the denial of Defendant's request for countersecurity.

### Twelfth Affirmative Defense

The claims for which countersecurity is requested are frivolous. They are factually and legally deficient and otherwise lacking in merit.

### Thirteenth Affirmative Defense

The claims for which countersecurity are requested are vague and speculative.

### Fourteenth Affirmative Defense

That Plaintiff is financially unable to post countersecurity and for this reason the Defendant's request for countersecurity should be denied in the Court's discretion.

**WHEREFORE**, Plaintiff prays:

A. That the Court dismisses/denies Defendant's counterclaims as alleged in the Answer with Affirmative Defenses and Counterclaim;

B. That the Court cites Defendant to answer under oath all and singular the matters alleged in the Defendant's Counterclaim;

C. That Defendant's request for countersecurity be denied in its entirety;

D. That if the court finds that counter-security is appropriate, that it should be provided in a reduced amount, in no account to be more than the amount currently held as security for Plaintiff's claim.

E. That this Court award Plaintiff its attorney's fees and costs of this action; and

F. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: October 19, 2007
New York, NY

        The Plaintiff,
        TANG KHEOK HWA ROSEMARY d/b/a R M
        MARTIN SUPPLIES AND SERVICES

By: _____
        Patrick F. Lennon (PL 2162)
        Nancy R. Peterson (NP 2871)
        LENNON, MURPHY & LENNON, LLC
        The GrayBar Building
        420 Lexington Ave., Suite 300
        New York, NY 10170
        (212) 490-6050 – phone
        (212) 490-6070 – fax
        pfl@lenmur.com
        nrp@lenmur.com

## AFFIRMATION OF SERVICE

I hereby certify that on October 19, 2007, a copy of the foregoing Answer was filed electronically and served by FedEx, return receipt mail and/or facsimile on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: _____
Nancy R. Peterson (NP-2871)