UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TANG KHEOK HWA ROSEMARY d/b/a      :
R M MARTIN SUPPLIES AND SERVICES,  :
                                   :
               Plaintiff,     :     07 Civ. 7498 (CM)
                                   :
   - against -                    :     ECF CASE
                                   :
JALDHI OVERSEAS PTE LTD.,          :
                                   :
               Defendant.     :
------------------------------------------------------------------X

**DECLARATION OF KIMARIE CHEANG XIAO PIN
PURSUANT TO 28 U.S.C. §1746 IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR COUNTER-SECURITY**

      I, KIMARIE CHEANG XIAO PIN, hereby affirm as follows:

      1.    I am foreign counsel for Tang Kheok Hwa Rosemary, d/b/a RM Martin Supplies and Services ("Plaintiff" or "Rosemary").

      2.    I submit this Declaration based on facts and information known to me personally, as well as documents and information available to me, all of which I believe to be true and accurate.

      3.    I make this Declaration in support of Plaintiff's opposition to a motion filed by Jaldhi Overseas Pte. Ltd. ("Defendant" or "Jaldhi") for countersecurity in the above captioned proceeding.

      4.    Defendant has requested security for three counter-claims in this action.

      5.    All three counter-claims are frivolous, general, speculative and/or clearly lacking merit.

      6.    The first claim is for loss of profits relating to the charter of the M/V "POS FREEDOM" and the M/V "MEDI SHANGHAI" in the amount of $773,549.74.

Defendant claims that these vessels were chartered without its consent and it would have been able to charter other vessels at a greater profit had the Plaintiff not fixed them on its behalf.

7. Second, Defendant requests security for unpaid hire and/or freight in relation to the charter of the M/V "GOLDEN HOPE" and the M/V "MARJATTA P" in the amount of $551,736.68.

8. Third, Defendant claims that Plaintiff breached its fiduciary duty under the agreement between the parties and thus it is entitled to the return of any compensation paid to the Plaintiff during the term of Plaintiff's breach of the management agreement and disloyalty beginning as of January 1, 2007, which amount is calculated to be $1,610,179.00.

9. The Defendant's counterclaims do not arise out of the same transaction as Plaintiff's claim. The Plaintiff's claim relates only to the various vessels listed in *Exhibit "1"* of the Verified Complaint dated August 24, 2007. The Defendant's counterclaims relate to the vessels M/V "MEDI SHANGHAI", M/V "POS FREEDOM", M/V "GOLDEN HOPE" and M/V "MARJATTA P." None of the vessels relating to Defendant's counterclaims feature in the Plaintiff's claims except the M/V "GOLDEN HOPE", but it should be noted that the Defendant's counterclaim with regards to the M/V "GOLDEN HOPE" is entirely without merit as stated in paragraphs 27 - 34 below and does not relate in any way to the Plaintiff's claim for ship management fees.

10. The Defendant's counterclaims have no basis in law and/or fact.

11. Defendant's claim for lost profits is baseless.

12. The lost profits claim is contingent on the fact that Plaintiff could only charter vessels "consistent with Jaldhi's consent and advice."

13. However, there was never any specific agreement between the parties that the Plaintiff was only permitted to manage vessels "consistent with Jaldhi's consent and advice."

14. Rather, pursuant to the agreement between the parties, the Plaintiff agreed to fix charters and manage vessels as the Defendant's ship manger.

15. The arrangement between the parties clearly allowed Plaintiff to fix charter parties on behalf of Defendant first and thereafter provide the Defendant with the details.

16. This was done on previous occasions for specific vessels and the Defendant always accepted this method of fixing charter parties by Plaintiff without complaint or objection.

17. Furthermore, Defendant verbally gave Plaintiff general authority to issue and sign charter parties and to issue Letters of Indemnity on the Defendant's behalf during the course of the agreement.

18. Defendant's allegation that the Plaintiff was to "obtain the express authorization of the Defendant before disclosing any information and/or documents related to the agreement between the parties to third parties" is also false.

19. There was neither such a requirement nor was it agreed between the parties for Plaintiff to obtain any express authorization from the Defendant before it could disclose any information and/or documents relating to the agreement.

20. In any event, Defendant has not specified what information and/or documents have been allegedly disclosed without authorization in the current proceedings. Thus Plaintiff can only form a limited response to this vague allegation.

21. Despite Defendant's allegations to the contrary, Defendant had always given Plaintiff the express authority to conduct all commercial transactions, including the issuance of Letters of Indemnity and the like on behalf of Defendant.

22. Thus, as Plaintiff fixed the M/V "POS FREEDOM" and the M/V "MEDI SHANGHAI" in accordance with the agreement with Defendant, its lost profits claim for hypothetical higher earning charters is moot.

23. Moreover, Plaintiff has already accounted to Defendant for any alleged losses incurred from the charters of M/V "POS FREEDOM" and the M/V "MEDI SHANGHAI". As far as I can tell from Defendant's vague assertion of damages, Defendant does not seem to have accounted for the amounts paid by Plaintiff for these losses in its calculation of damages.

24. In addition, even assuming *arguendo* that Plaintiff was required to obtain Defendant's consent, Defendant has not submitted any evidence showing that there were other charters of a similar nature being fixed for higher profits at the relevant times.

25. Defendant merely alleges that it had other charters which resulted in higher profits.

26. This allegation does not serve as adequate evidence of lost profits under Singapore law.

27. Defendant's second counterclaim that Plaintiff failed to pay/remit hire due and owing to Defendant is totally without merit.

28. Defendant wrongfully implies that Plaintiff had a duty to pay hire to Defendant under the charter parties which it fixed on Defendant's behalf.

29. As Defendant is well aware, Plaintiff was not named in the charters for the M/V "GOLDEN HOPE" and the M/V "MARJATTA P."

30. Plaintiff was not the charterer and had no obligation to pay freight and/or hire under those charters or the agreement with Defendant.

31. Defendant has not and cannot allege that Plaintiff had a duty to pay freight or hire for the charters it fixed for the Defendant.

32. At most, Plaintiff had a duty to remit any freight which the charterers may have sent to its account with the Defendant's express knowledge.

33. All freight sent to Plaintiff from the charterers have either been (i) remitted to the Defendant in accordance with Defendant's instructions or (ii) used to settle amounts due and owing to the Plaintiff. The Plaintiff no longer holds any freight and Defendant has not submitted any evidence to show otherwise.

34. As Plaintiff has no duty to pay freight under the charters it fixed and no longer holds on to any freight, Defendant's claim in this regard fails as a matter of fact and law and must be disregarded.

35. With regards to Defendant's final claim, Plaintiff denies that it owed any fiduciary duty to Defendant under the agreement and/or otherwise.

36. Even assuming *arguendo* there was a fiduciary duty to Defendant, Plaintiff did not breach it.

37. Plaintiff never agreed and was not required to act exclusively for the Defendant.

38. Plaintiff is in the ship management business and is free to manage whatever ships for whichever shipowner it so chooses.

39. The alleged wrongful fixing of the vessel M/V "MEDI CHENNAI" and M/V "KORIANA" was done with the express authority of the Defendant.

40. Furthermore, even if Defendant contests this, the full knowledge and consent of the Defendant was obtained after the fixing of the vessel and the fixing of the vessels were not objected to by the Defendant.

41. Moreover, Defendant is not entitled to recover the return of any compensation paid to the Plaintiff during the alleged term of Plaintiff's breach of the management contract and disloyalty.

42. Defendant has failed to show that that has been any breach of the management contract or disloyalty.

43. And, Defendant's claim for a return of commission fails as a matter of law.

44. Under Singapore law, even if a breach of fiduciary duty is proven, the party in breach would not thereby have lost their right to commission or salary or remuneration earned unless they had acted dishonestly or in bad faith, which is not alleged here by the Defendant.

45. As Defendant has not and cannot allege bad faith or dishonesty on part of the Plaintiff, it has not alleged a prima facie valid counterclaim.

46. Defendant should not be able to recover security for counterclaims which will be disallowed in the underlying litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of October, 2007.

_____
**KIMARIE CHEANG XIAO PIN**