CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant,
JALDHI OVERSEAS PTE. LTD.
366 Main Street
Port Washington, New York 110050
Telephone:     516-767-3600
Telefax:       516-767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

TANG KHEOK HWA ROSEMARY d/b/a  :
R M MARTIN SUPPLIES AND SERVICES,  :
                                   :
                Plaintiff,         :        07 CV 7498 (CM)
                                   :
        - against -                :
                                   :
                                   :
JALDHI OVERSEAS PTE. LTD.,         :
                                   :
                Defendants.        :
                                   :
-------------------------------------------------------------------x


**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION
FOR COUNTER-SECURITY PURSUANT TO SUPPLEMENTAL RULE E (7)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..........................................................................................iii

PRELIMINARY STATEMENT.................................................................................1

STATEMENT OF FACTS........................................................................................1,2

ARGUMENT.................................................................................................................2

POINT I
DEFENDNANT JALDHI HAS BROUGHT A PROPER
COUNTERCLAIM FOR COUNTER-SECURITY.........................................................2

    A.  Defendant's counterclaim "Arises Out Of The Same Transaction" .......................3

    B.  Defendant's Counterclaim is Not Frivolous..........................................................4

    C.  Defendant's Motion For Counter-Security Has Not Prevented
        Plaintiff From Bringing Suit.................................................................................6

POINT II
COUNTER-SECURITY SHOULD BE GRANTED FOR THE FULL
AMOUNT OF DEFENDANT'S COUNTERCLAIM .......................................................7

POINT III
ALTERNATIVELY, EQUIVALENT SECURITY SHOULD BE GRANTED.................8

POINT IV
IF PLAINTIFF IS INCAPABLE OF POSTING COUNTER-SECURITY,
THE DEFENDANT'S FUNDS SHOULD BE RELEASED .............................................9

CONCLUSION ...........................................................................................................10

## TABLE OF AUTHORITIES

### Cases

Afram Lines International, Inv. V. M/V Captain Yiannis, 905 F.2d 347, 349
(11th Cir. 1990) ..................................................................................................3, 7

Clipper Shipping Lines Ltd. v. Global Transporte Oceanico S.A., 06 Civ.
No. 15299 (PKL), 2007 U.S. Dist. LEXIS 18827, *4-5 (S.D.N.Y. Feb 26, 2007) ..............8

Finecom Shipping Ltd. v. Multi Trade Enterprises AG, No. 05 Civ. 6695, 2005
U.S. Dist. LEXIS 25761 (S.D.N.Y. October 24, 2005).............................................5, 6, 8

Seaboard & Carribena Transp. Corp. v. Hafen-Dampschiffart, 329 F.2d 538 (5th Cir.
1964)..................................................................................................................9

Seaplus Line Co. v. Bulkhandling Handymax AS, 409 F.Supp.2d 316, 324 (S.D.N.Y.
2005)..................................................................................................................3

Titan Navigation, Inc. v. Timsco, Inc., 808 F.2d 400, 403 (5th Cir. 1987)...............3, 9, 10

Verton Navigation, Inc. v. Caribica Shipping Ltd., no 90 Civ. 6940, 1991 U.S. Dist.
LEXIS 6722 (S.D.N.Y. May 1, 1991)..............................................................3, 8

Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co.,
263 U.S. 629, 638-639 (1924) .......................................................................7, 9

Zubrod v. Associated Metals & Minerals Trade Co., 243 F.Supp. 340 (E.D. Pa. 1965) ....9

### Statutes and Rules

Fed R. Civ. P., Supplemental Rules for Certain Admiralty and Maritime Claims,
Rule B ..................................................................................................................7

Fed R. Civ. P., Supplemental Rules for Certain Admiralty and Maritime Claims,
Rule E(7)...................................................................................................1, 2, 3, 7, 9

### Other Authorities

7A J. Moore & A. Pelaez,
MOORE'S FEDERAL PRACTICE § (E.15) at E-737 (2d Ed. 1988) .......................................8

## PRELIMINARY STATEMENT

Defendant JALDHI OVERSEAS PTE. LTD (hereinafter "Jaldhi"), by and through its undersigned counsel, CHALOS, O'CONNOR & DUFFY, LLP, respectfully submits this Reply Memorandum of Law in Support of Defendant's Motion for Counter-Security pursuant to Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter "Rule E(7)").

In the present motion, Jaldhi has presented a counterclaim calling for counter-security. The counterclaim arises out of the same transaction as the Plaintiff TANG KHEOK HWA ROSMARY d/b/a RM MARTIN SUPPLIES AND SERVICES (hereinafter "RM Martin"), the counterclaim is not frivolous and the counterclaim does not infringe on the ability of RM Martin to bring suit in this matter. Principles of equity mandate that counter-security should be granted to Jaldhi in full or, in the alternative, in an amount equal to that attached by RM Martin previously. Moreover, should this court find RM Martin unable to post counter-security, the only remedy would be to vacate RM Martin's initial attachment on equitable grounds.

The bottom line is that the Plaintiff RM Martin should not be permitted to avail itself of U.S. procedural rules to impose the burden of posting security on the Defendant Jaldhi unless the Plaintiff RM Martin is willing to respond in kind and post countersecurity in respect of Jaldhi's counterclaims. In a commercial dispute, such the one now before the Court, the goal of putting the parties on equal footing will be completely undermined if this Court permits the Plaintiff RM Martin to retain a privileged position over the defendant and unfair leverage without putting its own money where its mouth is.

## STATEMENT OF FACTS

The facts relating to this Reply Motion are more fully detailed in the accompanying Defence and Counterclaim filed on October 8, 2007 with the High Court of the Republic of Singapore, the forum where a parallel proceeding on these same facts is currently proceeding, which is presented as Exhibit A to the Attorney's Affidavit of Owen F. Duffy, dated October 26, 2007. Additionally, and as appropriate, reference will be made to the Attorney's Affidavit of Owen F. Duffy, dated September 25, 2007, which was previously filed in support of Defendants initial Motion for Counter-Security.

Briefly stated, the instant matter arose concurrently with the above-mentioned Singapore litigation. In order to obtain security for the claims it has asserted in the Courts of Singapore, the Plaintiff filed a Complaint in this Court to avail itself of U.S. procedural rules to obtain pre-judgment security for the maritime claim that will be litigated in Singapore. The Defendant initially contested propriety of RM Martin's use of the U.S. courts, but the District Court concluded that under Second Circuit law, the plaintiff was entitled to employ the Rule B procedure. Consequently, the Defendant now seeks similar security from the Plaintiff in connection with Jaldhi's claims against RM Martin.

## LEGAL ARGUMENT

### POINT I

### DEFENDANT JALDHI HAS BROUGHT A PROPER COUNTERCLAIM FOR COUNTER-SECURITY

Supplemental Rule E(7) of the Supplemental Rules for Admiralty or Maritime Claims states, in relevant part, that:

> Whenever there is asserted a counterclaim arising out of the same
> transaction or occurrence with respect to which the action was originally
> filed, and the defendant or [counter-]claimant in the original action has

2

given security to respond in damages, any plaintiff for whose benefit such security has been given shall give security in the usual amount and form to respond in damages to the claims set forth in such counterclaim, unless the court, for cause shown, shall otherwise direct . . .

In addition to the "arising out of" language, courts have interpreted Rule E(7) to require that the counterclaim be non-frivolous and shall not prevent the Plaintiff from bringing suit. *See* Titan Navigation, Inc. v. Timsco, Inc., 808 F.2d 400, 403 (5th Cir. 1987); *see also* Afram Lines International, Inv. V. M/V Captain Yiannis, 905 F.2d 347, 349 (11th Cir. 1990). Case law indicates that the trial court has been granted the discretion to determine whether the three facets of the Rule have been met, and in this instance Jaldhi has met its burden. *Id.*

### A. Defendant's Counterclaim "Arises Out Of The Same Transaction"

Counterclaims for counter-security are properly brought only when the counterclaim "arises out of the same transaction or occurrence" as the preceding claim. Verton Navigation, Inc. v. Caribica Shipping Ltd., 1991 U.S. Dist. LEXIS 6722 (S.D.N.Y. May 1, 1991); *see also* Seaplus Line Co. v. Bulkhandling Handymax AS, 409 F.Supp.2d 316, 324 (S.D.N.Y. 2005) ("counterclaims falling within the purview of Supplemental E(7) are akin to compulsory counterclaims under Rule 13(a)"). Plaintiff RM Martin asserts that its claim involves failure by Jaldhi to pay commissions on twenty-eight different vessels which were fixed for Jaldhi by RM Martin. Plaintiff then goes on to assert that the counterclaim brought by the Defendant only relates to three vessels, two of which were not mentioned in the initial claim. Because the vessels involved in the counterclaim are not the same as those in the initial claim, Plaintiff avers the two claims do not "arise out of the same transaction."

3

Plaintiff's argument on this issue strains all bounds of credibility. From the submissions presented, the fact of the matter is that Defendant Jaldhi contracted with Plaintiff RM Martin, whereby "Plaintiffs were to source for vessels to be fixed in the Defendants' name, provided that he Defendants were agreeable to such fixtures." *See,* Duffy Affidavit of October 26, 2007 at Exhibit A, Defence and Counterclaim 1, ¶ 8.2. Between 2005 and 2007, Defendants chartered a total of about 201 vessels, which were managed under the agreement. *See id. at* 1, ¶ 7. Both the vessels referred to in Plaintiff's claims as well as each of the vessels referred to in the Defendant's counterclaims were chartered in furtherance of, and some in breach of, the one agreement between the parties. The close time between the alleged breaches by both Jaldhi and RM Martin, as well as the underlying arrangement, demonstrate that the initial claim and the counterclaim "arise out of the same transaction."

The Plaintiff's attempt to parse out individual transactions as somehow separate and distant transactions from the basic contractual agreement between the parties is nothing less than a desperate attempt to twist the plain meaning of the maritime rules. Thus, the Plaintiff's initial argument should be summarily rejected.

### B. *Defendant's Counterclaim Is Not Frivolous*

The Defendant Jaldhi has alleged, in its Singapore pleadings, that there was an agreement reached whereby Plaintiffs were to manage vessels fixed in Defendant's name. The agreement, however, was not unilateral because the Plaintiff, in turn, had certain obligations to the Defendant Jaldhi, including *inter alia* the obligation to obtain express consent from Defendants before concluding any fixtures and charterparties. *See,* Defence and Counterclaim 1 ¶ 8.2. Moreover, Plaintiffs were not to disclose any confidential

information, nor were they authorized to sign Letters of Indemnity on behalf of the Defendant. *See,* Defence and Counterclaim 1, ¶'s 8.4, 8.5. Jaldhi, in its pleadings that are now before the Court in Singapore, alleges breach of the maritime contract as well as improper disclosure of confidential information in violation of fiduciary duties. *See id.* Breach of a maritime contract is actionable, and Defendants have properly alleged that Plaintiffs breached the agreement on several occasions.

Plaintiff's argument saying Jaldhi's counterclaims are frivolous amounts to nothing more than the Plaintiff's own view of things and the Plaintiff's own interpretation of its obligations under the contract. For a prime example of how the Plaintiff overreaches on this argument, it is important to recognize that the Plaintiff simply relies on the declaration of its foreign counsel as evidence that the agreement at issue failed to require authorization before entering certain commercial transactions. Based solely on this attorney's declaration, but equally considering the Defendant's pleadings in the Singapore proceeding, there is no way that this court should conclude that Jaldhi's counter claim is frivolous. If that were to be the case, then the rules of evidence and notions of due process would be trampled underground by self-serving declarations from attorneys advocating their client's positions. So as to avoid such an absurd result, the Court should mind the wisdom of Judge Lynch who recently observed that "courts should be reluctant to prejudge the merits of claims based entirely on the pleadings and a sparse record consisting of a few documents, in advance of any discovery." Finecom Shipping Ltd. v. Multi Trade Enterprises AG, 2005 U.S. Dist. LEXIS 25761 (S.D.N.Y. October 24, 2005). This is particularly true where "the ultimate

merits will be decided not by this Court," but by another foreign judicial body. *Id.* (Final decision in Finecom rested with foreign arbitration panel).

The disputes between Plaintiff RM Martin and Defendant Jaldhi have been presented to the High Court of the Republic of Singapore, the High Court will be presented with a full record and, ultimately, the High Court of the Republic of Singapore will decide the merits of this case. This Court should not pre-judge the dispute and it should especially not do so in reliance on the declaration of an attorney who is not before this Court and who simply seeks to disparage the counter claims with her own view of the terms of the contract, i.e. what was agreed and what was not agreed, her own view that Jaldhi's allegations are not evidence and sweeping general statements that the counterclaim is baseless. If that were the standard for considering the validity of claim, then the Court would be required to equally credit Jaldhi's view of the material, express or implied terms of the agreement and the claim of breach on the part of RM Martin which are fully set forth in the Singapore litigation by Jaldhi's counsel. *See*, Duffy Affidavit dated October 26, 2007 at Exhibit A, Defence and Counterclaim at ¶s 8 & 15 through 53.

In sum, the Plaintiff RM Martin has not come even close to establishing that Jaldhi's claims are frivolous so as to depart from the goal of placing the parties on equal footing.

### C.  *Defendant's Motion For Counter-Security Has Not Prevented Plaintiff From Bringing Suit*

Plaintiff RM Martin asserts in its Motion in Opposition that the Defendant's counterclaim is "employed like a bludgeon to eliminate the possibility of security" for RM Martin," and that Defendant Jaldhi's counterclaims are "dubious." On the contrary,

6

Jaldhi maintains that RM Martin not only breached its duties under the maritime contract, but that it also disclosed confidential information and breached its fiduciary obligations to Jaldhi by issuing false Letters of Indemnity. To the extent that RM Martin admits issuing the Letters of Indemnity with respect to vessels that it claims were not chartered in Jaldhi's name, by no stretch of any imagination are Jaldhi's claims "dubious." Jaldhi is protecting its interests much in the same manner as RM Martin, with no intentions to "bludgeon" the Plaintiff.

Rule E(7) "is not intended to impose burdensome cost on a plaintiff that might prevent it from bringing suit." Afram Lines, 905 F.2d at 350. In the present matter, if Jaldhi's motion for counter-security is granted, RM Martin's ability to bring suit is not compromised. In fact, RM Martin has instituted and continues to proceed with litigation in Singapore and, no doubt, it will do so whether or not it has security in New York. Plaintiff's initial Rule B attachment was brought of its own volition, presumably fully aware of the potential for motions for counter-security. To allow RM Martin to obtain security while denying Jaldhi's counter-security creates an inequity that contradicts the stated purpose of Rule E(7): to place the parties on equal footing in relation to security blankets motions for counter-security. *See,* Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 638-639 (1924).

## POINT II

### COUNTER-SECURITY SHOULD BE GRANTED FOR THE FULL AMOUNT OF DEFENDANT'S COUNTERCLAIM

The Plaintiff in its Motion in Opposition, states that Jaldhi has failed to adequately detail the total amounts claimed. Defendant's Defence and Counterclaim in the Singapore litigation clearly outlines the basis for its claims. *See* Defence and

Counterclaim 1, ¶'s 22, 23, 41, 49, 54. Plaintiff's argument that full counter-security should not be granted is also misguided. Equity demands that the parties be placed on equal footing, and this court has awarded full security in prior cases, even where the amount sought as counter-security exceeds that of the original claim. *See* <u>Verton Navigation</u>, *supra*. This view is supported by a leading commentator in the area. *See* 7A J. Moore & A. Pelaez, MOORE'S FEDERAL PRACTICE § (E.15) at E-737 (2d Ed. 1988) ("it might well be 'just and reasonable' and more in keeping with the purposes of the rule providing for security on counterclaims to require that the original plaintiff post a larger bond to protect against the counterclaim than the original defendant had to post to protect against the original action.")

In the present matter, to ensure that both parties are 100% secure in their claim, the only result which could be reached is to award Defendants the full amount of their motion for counter-security. To award otherwise rewards one party for "winning the race to the courthouse," short-changing the security granted to the second party.

**POINT III**

**ALTERNATIVELY, EQUIVALENT SECURITY SHOULD BE GRANTED**

In <u>Clipper Shipping Lines Ltd. v. Global Transporte Oceanico S.A.</u>, 06 Civ. No. 15299 (PKL), 2007 U.S. Dist. LEXIS 18827, *4-5 (S.D.N.Y. Feb 26, 2007) this court held that counter-security should be awarded in an amount equivalent to that originally attached. Moreover, any additional funds attached by the Plaintiff would be matched by an increase in the total counter-security attached. *Id. See also* <u>Finecom Shipping Ltd. v. Multi Trade Enterprises AG</u>, 05 Civ. No. 6695 (GEL), 2005 U.S. Dist. LEXIS 25761 (S.D.N.Y. Oct 24, 2005). Including a matching provision in the Court's order will avoid

8

the necessity of potential repeated applications for counter-security, if and when,

additional funds transfers are restrained.

## POINT IV

### IF PLAINTIFF IS INCAPABLE OF POSTING COUNTER-SECURITY, THE DEFENDANT'S FUNDS SHOULD BE RELEASED

Plaintiff asserts that it is financially unable to post counter-security due to the fact

that it is a small entity without sufficient resources, and because of this, it should not be

required to post *any* counter-security. This argument contradicts the long-held reasoning

behind Rule E(7) which limited such an argument to only the wards of the court, i.e.

seamen. Courts have recognized that "seamen should not be forced to post counter-

security when they act to enforce their privileged position." *See* Titan Navigation, 908

F.2d 400; *citing* Washington-Southern Navigation Co. v. Baltimore & Philadelphia

Steamboat Co., *supra*; Zubrod v. Associated Metals & Minerals Trade Co., 243 F.Supp.

340 (E.D. Pa. 1965). The rationale is that seamen are deemed "wards of the court" and

are permitted to bring civil actions without posting security. *Id.*

Where commercial parties are involved, such self-professed financial difficulties

do not operate to excuse the counter-security requirement. *See* Titan Navigation, 808

F.2d at 404, *citing* Seaboard & Carribena Transp. Corp. v. Hafen-Dampschiffart, 329

F.2d 538 (5th Cir. 1964). The Plaintiff in this instant matter is not a seaman, but a

business, earning profits in the hundreds of thousands of dollars per year. Most certainly,

RM Martin has the resources to afford the legal fees to hire lawyers half way around the

world to initiate suit in New York. RM Martin is more than capable of posting a security

bond, it should have the resources to do so and, if it is unwilling to do so, then the proper

remedy is to vacate the previous attachment.

9

In <u>Titan Navigation</u>, the court concluded that "there usually would be little or no reason to permit a complainant to enjoy unilateral security rights, absent strong justification..." *Id.* No such strong justifications exist here which require the attachment to continue. Allowing RM Martin to maintain its secured position while refusing any security to Jaldhi would be an inequitable result.

**<u>CONCLUSION</u>**

This Honorable Court should enter an Order requiring the Plaintiff to post counter security for the counterclaims asserted by the Defendant Jaldhi. If the Plaintiff is unable or unwilling to do so, then the Court should vacate the Order of Attachment pursuant to which the Defendant's property is restrained.

Dated: Port Washington, New York
      October 26, 2007

                                  CHALOS O'CONNOR & DUFFY
                                  Attorneys for Defendant,
                                  JALDHI OVERSEAS PTE. LTD.

By:
                                  Owen F. Duffy (OD-3144)
                                  George E. Murray (GM-4172)
                                  366 Main Street
                                  Port Washington, New York 11050
                                  Tel:    516-767-3600
                                  Telefax: 516-767-3605
                                  Email: ofd@codus-law.com

10

To:    <u>Via ECF</u>
Lennon, Murphy & Lennon, LLC
Attorneys for the Plaintiff,
TANG KHEOK HWA ROSEMARY d/b/a
R M MARTIN SUPPLIES AND SERVICES,
420 Lexington Avenue, Suite 300
New York, NY 10170

Attn:    Patrick F. Lennon, Esq.
Nancy R. Peterson, Esq.